470 P.2d 614 (1970)
Thomas C. MACKAY, Plaintiff in Error,
v.
Margaret A. LAY, Defendant in Error.
No. 70-038. (Supreme Court No. 22762.)
Colorado Court of Appeals, Div. I.
February 25, 1970.
Mason, Reuler & Peek, Denver for plaintiff in error.
F. James Voss, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties will be referred to in the order in which they appeared in the trial court where plaintiff in error was defendant.
Plaintiff brought suit against defendant on three notes payable to plaintiff which stated, "we promise to pay," and which were signed as follows:
"Cert-a Corporation Thomas C. MacKay, President"
Plaintiff alleged in her complaint that defendant did not have authority to execute the notes and that his acts in borrowing the money and executing the notes were never ratified by the corporation and that he was therefore personally liable on the notes.
Defendant answered and admitted execution of the notes but alleged that he executed them as President of Cert-a Corporation with full knowledge and consent of *615 plaintiff. He further alleged that the funds were loaned to the corporation for its benefit and that plaintiff knew that defendant was not acting in any personal capacity but as President of the Corporation when he signed the notes, and therefore plaintiff was estopped to maintain her suit.
The court at the conclusion of the trial held that defendant had never been duly authorized by the corporation to borrow money and therefore the defendant was personally liable on the notes to plaintiff.
The by-laws of the corporation provided under Section 17Contracts and Dealings:
"Contracts and business transactions of every kind may be made by this corporation with its principal or minor stockholders, Directors and officers. * * * (N)o such contracts or business transactions shall be made or entered into except those that have first been approved by the Board of Directors at a regular or special meeting."
Testimony at the trial revealed that the corporation was insolvent; that there were only occasional formal meetings of the Board of Directors; that there were no corporate minutes showing either an authorization to borrow money from plaintiff or corporate minutes showing ratification of a loan from plaintiff to the corporation.
Some of the money represented by the notes had been loaned by plaintiff paying some corporate bills direct with her own funds.
The corporation repaid to plaintiff some of the money loaned to it. The notes sued upon were executed a year or so after the date of the original loans, as of the date the money was loaned or advanced by plaintiff to the corporation. The executed notes represented the unpaid balance due to plaintiff at the time the notes were executed. The evidence was clear that defendant never received any of the funds for his personal benefit; that plaintiff's entire dealings were with the corporation; and that in making the loans plaintiff looked solely to the corporation for repayment.
As to the effect of the signature on the note, the earliest Colorado case in this regard is New England Electric Company v. Shook, 27 Colo.App. 30, 145 P. 1002. Here the note in question was signed:
"The Akron Gas & Electric Company, R. A. Shook President, H. C. Black, Secretary"
The New England Electric Company sought to hold Mr. Shook and Mr. Black upon the basis that the body of the note contained these words:
"I, we and each of us promise to pay."
The court stated that those words do not impart personal liability unto the maker and that it was clear that the signatures on the note were intended to bind merely the corporation.
The court then stated:
"Plaintiff also contends that Shook, as President had no authority to bind the Akron Company by giving the note; therefore, both he and Black were personally liable for its payment, under a rule of law, as claimed, that, where individuals attempt to consummate a contract on behalf of their principal, and fail in that regard, they become personally liable upon the contract. If such be the law, Plaintiff is not in any position, under the record showing here, to invoke the rule. After admitting in its pleadings that the instrument was the corporate note of the Akron company, and after submitting it to the bankruptcy court as a lawful claim against that company, and after adducing sworn testimony in its own behalf to prove that fact, Plaintiff should not be heard now to say that this instrument is not and never was a note of the Akron company."
The provision in the by-laws concerning approval of the Board of Directors would be for the benefit of the corporation and not some third person, such as plaintiff. In Boteler v. Conway, 13 Cal.App.2d 79, 56 P.2d 587, the court stated:
"Plaintiff cannot be heard to say that the secretary of Monarch did not have *616 the authority to make the changes in the contract. * * * If an agent exceeds his authority his principal may complain, but a third person may not. Monarch had the right to affirm or repudiate the acts of its secretary. It did not disaffirm them, and plaintiff may not take unto himself the right to do so."
Also, in the case of Flash Cleaners v. Columbia Appliance Corp., 156 Cal.App.2d 279, 319 P.2d 454, the court stated that the seller could not avoid its obligation under the contract by asserting that buyer's agent was without authority to make the contract. See also Rollins v. Board of Commissioners, 15 Colo. 103, 25 P. 319.
The evidence is clear that plaintiff at all times was dealing with the corporation and relied upon the corporation and not the individual officer of the corporation for repayment. There was no privity between plaintiff and defendant and no obligation on behalf of defendant to plaintiff.
Accordingly, the judgment herein entered in favor of plaintiff and against defendant is reversed. The trial court is directed to dismiss plaintiff's complaint.
SILVERSTEIN, C. J., and PIERCE, J., concur.