**Sandra K. Mouser INNMON, Appellant,**

**v.**

**Luther Henry MOUSER, Appellee.**

**No. 12023.**

Court of Civil Appeals of Texas, Austin.

April 4, 1973.

Stephen M. Orr, Mitchell, Yeakel, Orr & Trickey, Austin, for appellant.

Allan I. Schneider, Giddings, for appellee.

SHANNON, Justice.

This is an appeal from the judgment of the district court of Bastrop County denying a bill of review. We will affirm that judgment.

In December of 1970, appellant, Sandra K. Mouser Innmon, and appellee, Luther Henry Mouser, were husband and wife. About that time they agreed to seek a divorce, and on January 6, 1971, a Bastrop attorney filed a petition for divorce for appellant. Later, the Mousers undertook a reconciliation which proved to be unsuc-

cessful. They then discussed certain alternatives with the attorney who on May 13, 1971, filed an instrument entitled, "original answer and cross-action" for the husband. Prior to May 13, appellant agreed to the filing of the cross-action. The attorney told appellant of the date of the trial and furnished her with a copy of the cross-action. On May 14, 1971, the court entered the judgment of divorce. On the following day, appellee told appellant that the judgment of divorce had been entered. Appellant was not served with process, nor did she appear at the divorce hearing, nor was a written waiver or answer entered on her behalf.

The divorce judgment dissolved the marriage, divided the community property according to a previously agreed property settlement agreement, and decreed the custody and control of the minor child, Carl Henry Mouser, to be in appellee.

Some weeks after May 14, appellant remarried and some months later appellee remarried.

On July 28, 1972, appellant filed a bill of review to set aside the divorce judgment of May 14, 1971. The basis for the bill of review was that the judgment of divorce was "void or alternatively voidable" because it was grounded on the cross-action, and that no service of the cross-action was obtained on appellant, and that she did not appear or waive or accept service of process.

Upon trial to the court, judgment was entered for appellee denying the bill of review. Findings of fact and conclusions of law were requested and filed, and the court found as a fact that no fraud or duress was practiced upon the appellant in obtaining the divorce decree, and that appellant failed to use due diligence to prevent or set aside the divorce judgment by adequate legal remedies then available to her. The court concluded, among other things, that because of appellant's failure to exercise due diligence to avail herself of adequate legal remedies, she was not entitled to relief by bill of review.

Appellant argues that the divorce judgment is "void on its face" because it affirmatively shows want of service, appearance, or waiver.

We are of the opinion that under the record, appellant did not show "sufficient cause" under Tex.R.Civ.P. 329b to sustain her bill of review.

Tex.R.Civ.P. 329b(5) which governs time for filing and time for action on motions for new trial, contains the following provision:

"Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial. *After the expiration of thirty (30) days from the date the judgment is rendered or motion for new trial overruled, the judgment cannot be set aside except by bill of review for sufficient cause,* filed within the time allowed by law." (emphasis added)

In McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961) the emphasized portion of Rule 329b(5) was construed to mean that when the time for filing a motion for new trial had expired and relief might not be obtained by appeal, a proceeding in the nature of a bill of review is the exclusive method of vacating a default judgment rendered in a case in which the court had jurisdictional power to render it. The court held further that into this category will fall those cases in which a default judgment is asserted to be void for want of service, or for want of valid service or for want of process.

In McEwen v. Harrison, *supra,* Chief Justice Calvert examined and rejected, as unsatisfactory, precisely the kind of argument employed by appellant.

"The emphasized provision of Rule 329b has had but little attention during

its existence, even in cases tried in courts to which it was applicable. In cases involving the right to set aside a default judgment litigants and courts have been prone to ignore or overlook the provision, whether of statute or of Rule, and to decide them under common law rules. Appellate court decisions have usually followed discussion of questions such as whether the particular judgment is void . . . on its face or void because of matters appearing on 'the judgment roll', whether being valid and regular on its face it may be declared void because of matters appearing on 'the judgment roll', and whether it may be attacked in a collateral proceeding or only in a direct proceeding. Those discussions do not squarely meet the issue posed by the provision."

■ To constitute "sufficient cause" under Rule 329b(5), it is said that a plaintiff in a bill of review proceeding must allege and prove (1) a meritorious claim or defense, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. See 4 McDonald, Texas Civil Practice, § 18.27.1–D (Rev.Ed.1971). See French v. Brown, 424 S.W.2d 893 (Tex.1967).

■ To sustain the burden of the third requirement of the bill of review, the plaintiff in the bill of review must show that he exercised due diligence to prevent the rendition of the judgment under attack, and, as well, must demonstrate that he exercised due diligence to avail himself of all adequate remedies against the judgment under attack. From the time that he learns of the offending judgment, or by the exercise of due diligence would have learned of it, the plaintiff must make use of all legal remedies still available, including motion for new trial, appeal or writ of error. 4 McDonald, Texas Civil Practice, § 18.27.6 (Rev.Ed.1971).

■ The most cursory examination of the record shows that appellant did not,

and indeed, could not, comply with requirements two and three of a bill of review proceeding. Apropos the second requirement, appellant does not even attack in this appeal the finding of fact that no fraud or duress was practiced upon her in obtaining the divorce judgment.

With respect to the third requirement calling for due diligence, appellant knew the date of her divorce hearing, and did nothing. She knew on the day following that the judgment had been entered, and did nothing. She suffered the time for filing a motion for new trial, for perfecting an appeal, and for perfecting an appeal by writ of error to pass, and did nothing. She waited well over a year after the date of the divorce judgment, and until after both she and appellee remarried, to file an equitable proceeding to set aside the judgment. Upon this record, by no stretch of imagination can it be said that appellant exercised due diligence.

The judgment is affirmed.

Affirmed.