Gregorio ALCANTAR, et al., Appellants,

v.

EDELSTEIN'S BETTER FURNITURE,
INC., Appellee.

No. 13–90–335–CV.

Court of Appeals of Texas,
Corpus Christi.

Oct. 31, 1991.

L. Javier Cavazos, Harlingen, for appellant.

Richard S. Hoffman, Hoffman & Goza, Brownsville, Lisa D. Powell, Gary L. Gurwitz, Atlas & Hall, McAllen, for appellee.

Before NYE, C.J., and HINOJOSA and SEERDEN, JJ.

OPINION

HINOJOSA, Justice.

Appellants, Gregorio Alcantar and Nora Von Duben, appeal by two points of error from entry of a summary judgment against them, denial of their motion for summary judgment, and denial of class certification. We affirm.

Appellants signed retail installment contracts with appellee for the purchase of furniture. The contracts required appellants to pay a monthly sum. At the time each contract was signed, appellee pre-computed all interest due and added this sum to the purchase price. This sum was carried on the books and reported to appellants as the account balance.

Appellants filed suit claiming violations of the usury laws. They argued that appellee "charged" an unlawful rate of interest when it pre-computed the interest and carried this sum on their books as the balance, and reported it as the "balance" on monthly statements. *See Danzinger v. San Jacinto Sav. Ass'n,* 732 S.W.2d 300, 304 (Tex.1987). Appellants also sought to certify a class of people who signed such contracts with appellee.

We address appellant's second point of error first. Appellant's second point complains that the trial court erred in denying class action certification. Class actions may only be maintained if the requirements of TEX.R.CIV.P. 42(a) and (b) are met. *See Moseley v. Hernandez,* 797 S.W.2d 240, 243 (Tex.App.—Corpus Christi 1990, no writ). The trial court has great discretion in granting or denying class certification. *Clements v. LULAC,* 800 S.W.2d 948, 952 (Tex.App.—Corpus Christi 1990, no writ); *Moseley,* 797 S.W.2d at 242–43; *Amoco Prod. Co. v. Hardy,* 628 S.W.2d 813, 816 (Tex.App.—Corpus Christi 1981, writ dism'd).

The trial court filed findings of fact and conclusions of law supporting its decision. Certification was denied because:

1. the class was not too numerous;

2. questions of law and fact were not common to the class;

3. claims of the representatives were not typical of those of other proposed class members;

4. the proposed representative parties will not fairly and adequately represent the class; and

5. no part of TEX.R.CIV.P. 42(b) was established.

We have reviewed a transcript of the hearing on class certification. When viewed in the light most favorable to the trial court's ruling, the evidence supports denial of certification. Thus, the trial court did not abuse its discretion. We therefore overrule appellants' second point of error.

Appellants' first point of error asserts that the trial court erred in granting appellee's motion for summary judgment, and denying their motion for summary judgment. The first issue we must address, however, is whether this court must presume omitted portions of the proceedings below conclusively support the judgment. *See DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 689 (Tex.1990); *Escondrias v. Apodaca,* 629 S.W.2d 697, 699 (Tex.1982).

Both parties filed motions for summary judgment. Appellee's motion was granted and appellants' denied. Of the relevant portions of the proceedings below, appellants filed the live pleadings, plaintiffs' (appellants') motion for summary judgment and attached summary judgment evidence, and defendant's motion for summary judgment. The docket sheet indicates that appellants did not include in the record the summary judgment evidence filed in support of appellee's motion for summary judgment and appellee's evidence and motion in opposition to appellants' motion for summary judgment.

An appellant has the burden to bring into this court a sufficient record to demonstrate reversible error. *DeSantis,* 793 S.W.2d at 689; TEX.R.APP.P. 50(d). The failure to bring a complete record of the summary judgment proceedings below requires this court to presume that the omitted portions of the record support the trial court's ruling. *DeSantis,* 793 S.W.2d at 689. Without reviewing the missing, and obviously pertinent evidence attached to appellee's motion for summary judgment and its motion in opposition to appellants' motion for summary judgment, we cannot ascertain the trial court's basis for his ruling on either the denial of appellants' motion or the granting of appellee's motion.[1] For this reason we overrule appellant's first point of error.

The trial court's judgment is AFFIRMED.

---

1. "Findings of fact and conclusions of law" were filed at appellee's request. However, findings of fact and conclusions of law have no place in a summary judgment proceeding. *See State v. Easley,* 404 S.W.2d 296, 297 (Tex.1966); *Starnes v. Holloway,* 779 S.W.2d 86, 90 (Tex.App.—Dallas 1989, writ denied); *Ramirez v. Gordon's Jewelry Co.,* 763 S.W.2d 34, 38 (Tex.App.—Corpus Christi 1988, no writ). We therefore ignore them to the extent that they relate to the summary judgment.