**Harold CALDWELL, Appellant,**

v.

**Robert F. BARNES Appellee.**

No. 13–93–699–CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 10, 1996.

Rehearing Overruled Jan. 23, 1997.

Gus E. Pappas, Dabney, Theis & Pappas, Houston, for appellant.

Thomas O. Matlock, Jr., Kelly K. McKinnis, McAllen, for appellee.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

YANEZ, Justice.

Harold Caldwell brings this appeal stemming from a $15 million default judgment rendered against him in Hidalgo County, Texas, in 1989. Appellant sought to have the default judgment set aside by filing a bill of review in 1993.[1] Prior to the commencement of Caldwell's action, appellee Robert F. Barnes had sought a declaratory judgment from the Hidalgo County court declaring that the underlying default judgment was valid. After consolidating both causes, the trial court denied Caldwell's motion for summary judgment on his bill of review, granted summary judgment in favor of Barnes on the bill, and denied appellant's motion for a new trial on the bill. The court granted Barnes's request and issued a declaratory judgment that the final default judgment entered in 1989 was valid and enforceable. By three points of error, appellant contends that the trial court erred by summarily declaring that default judgment valid and denying his request for a bill of review because he was never served with process in the underlying cause. We affirm.

Essentially we must resolve whether appellant waived his right to complain about notice in the underlying suit by not diligently exercising his right to challenge notice when he was first informed about the default judgment. Appellant contends that, regardless of the amount of time which passes subsequent to the entry of a default judgment or his knowledge thereof, it cannot be deemed a valid judgment if he was never served with process. Barnes, however, argues that the trial court was correct in its vindication of the underlying judgment because appellant did not meet an essential requirement for bringing a bill of review. Namely, appellant did not exercise diligence in challenging the default judgment when he first learned of it.

## PROCEDURAL HISTORY

In 1989, Barnes sued Caldwell, who is a Colorado resident, and others, alleging various causes of action stemming from business transactions in Texas.[2] Barnes attempted to serve appellant with process through certified mail, but the citation was returned to the court labeled "unclaimed."[3] Barnes then arranged for personal service in Colorado through a private process server, Dewayne Perdue. In an affidavit filed with the original court, which he later contradicted, Perdue stated that he personally served appellant with process on July 30, 1989. Appellant never filed an answer to the citation, and an interlocutory default judgment was entered against him on August 21, 1989. After a hearing on damages, the trial court signed the final judgment against Caldwell on December 6, 1989, and severed the cause against Caldwell from the other defendants. There is no evidence in the record that the

---

1. The Texas Rules of Civil Procedure provide a mechanism for parties to challenge the validity of a judgment after the trial court's plenary power has expired. Rule 329b(f) reads:

 On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. . . .

 TEX.R. CIV. P. 329b(f).

2. Barnes's suit, assigned Cause No. C–1558–89–D in the 206th District Court, Hidalgo County, Texas, sought recovery of damages for the alleged breach of agreement, tortious interference with sale of property and business relationships, conversion, and forgery.

3. The mailed citation was sent to 10483 West Arkansas Drive, Lakewood, Colorado 80226. This is the same address to which all subsequent notices have been sent, both in the Colorado and Texas litigation.

court sent appellant notice that a default judgment was entered against him.

Nearly two years after the entry of the final default judgment, Barnes domesticated the default judgment in Jefferson County, Colorado, on September 24, 1991, pursuant to the Uniform Enforcement of Foreign Judgments Act. COLO.REV.STAT. ANN. §§ 13–53–101 *et seq.* (West 1989). Appellant claims that the first time he learned of the Texas default judgment was when he received notice of the domestication on or about September 24, 1991. For reasons which are disputed, appellant did not contest the service in the Texas case at that time.[4] The Texas judgment was domesticated in Colorado, and Caldwell did not contest the domestication, which he had a right to do. On June 15, 1992, Barnes filed a civil action in Gilpin County, Colorado, seeking to find and recover assets in enforcement of the domesticated judgment. Appellant's answer to this action did not contest the service of process in the underlying suit. Instead, he defended the action by alleging that the property which Barnes sought to acquire was not really Caldwell's property.

Apparently, it was not until May of 1993 that appellant located Perdue, who admitted that he never personally served appellant in the underlying case, as Perdue was in a different city on the date he allegedly served process.[5] Armed with this information, appellant filed a motion in the Gilpin County case attacking the domesticated judgment on this basis, nearly nineteen months after he was put on notice of the default.

Barnes responded by filing an action in Hidalgo County, Texas, Cause No. C–2251–93–D, seeking declaratory judgment that the original default judgment was valid. Appellant answered this suit, and filed a petition for bill of review and injunction in the same court, assigned cause no. C–4218–93–D, seeking to have the underlying default judgment set aside. Barnes argued that laches barred appellant's attack on the judgment. Both parties moved for summary judgment on the petition for bill of review. After a hearing was held on the bill of review, the trial court entered an order granting Barnes's motion for summary judgment, denying appellant's motion for summary judgment and his "bill of review," and ruled that the underlying default judgment was valid.

On October 26, 1993, the trial court signed the judgment and provided findings of fact and conclusions of law.[6] However, findings of fact and conclusions of law are inappropriate in a summary judgment, and thus we will not consider their contents on appeal. *See Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex.1994); *Alcantar v. Edelstein's Better Furniture, Inc.*, 818 S.W.2d 547, 548 n. 1 (Tex.App.—Corpus Christi 1991, writ denied).

Appellant now urges that the trial court misapplied Colorado law in deciding the merits of the bill of review. He contends that, because he was never served with process in the original suit, the default judgment is void as a matter of law, and should be set aside. Barnes maintains that the trial court was correct in denying appellant's action for a bill of review because appellant was negligent in not utilizing his legal remedies. In particular, Barnes contends that Caldwell should have attacked the Texas judgment when he was allegedly first notified of it in Colorado, and having failed to attack it at the commencement of the Colorado actions, he is estopped to attack it by a bill of review.

---

4. Appellant contends that he was unable to collaterally attack the Texas judgment in Colorado. Appellee insists that appellant was simply negligent in not raising this claim in Colorado, and failing to raise it in Colorado precludes any present attempt to contest the validity of the Texas default judgment.

5. Appellant did not provide any explanation in his brief, and we have found none in the record as to why Perdue was not located until this date.

6. The court found that Caldwell had not availed himself of the legal remedies available for attacking the default judgment in the Colorado actions, and that his sole method of relief was by equitable bill of review. However, the court found that Caldwell had treated the judgment as valid until May 1993, did not prove he was diligent in seeking relief upon learning of the Texas judgment, and therefore, he "waived his right to complain about the validity of the judgment in Cause No. C–1588–89–D."

## SUMMARY JUDGMENT

A summary judgment is appropriate only where a movant establishes that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law. *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). In deciding whether there is a disputed material fact issue precluding summary judgment, we must consider any evidence favorable to the nonmovant as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

The reviewing court will consider all summary judgment grounds the trial court rules on and the movant preserves which are necessary for the final disposition of the appeal. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626–27 (Tex.1996). Moreover, the appellate court may also, in the interest of judicial economy, consider other grounds which were not specifically ruled on by the trial court, provided that the movant preserved them for review. *Id.* In his motion for summary judgment, Barnes maintained that, as a matter of law, Caldwell was precluded from bringing the bill because he was negligent in pursuing his legal remedies.

Considering the evidence presented to the trial court in the light most favorable to Caldwell, we note that two citations were issued by the trial court in the original suit. First, service of process was attempted by certified mail; it was sent to the same address in Lakewood, Colorado, which appellant maintained throughout the Colorado proceedings and the appeal of this cause. The citation was returned "unclaimed." The trial court issued a second citation, and Barnes attempted to personally serve Caldwell by hiring a private process server, DeWayne Perdue. Taking the evidence pre-

sented by Caldwell as true, we must presume that such personal service of process was never executed, that Perdue's return of service was fraudulent, and that the default judgment against Caldwell was entered without his actual knowledge. There is no evidence that the notice of default judgment was sent to Caldwell, as is required by the Texas Rules of Civil Procedure 239a.[7]

## BILL OF REVIEW

■ A bill of review is an independent action brought by a party to a former action seeking to set aside a final judgment that is no longer subject to a motion for a new trial, appeal, or writ of error. *Ortega v. First RepublicBank, Fort Worth, N.A.*, 792 S.W.2d 452, 453 (Tex.1990); *Transworld Fin. Serv. v. Briscoe*, 722 S.W.2d 407, 407 (Tex.1987); *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). It is an equitable proceeding designed to prevent manifest injustice. *French v. Brown*, 424 S.W.2d 893, 895 (Tex. 1967). Because of the fundamental importance that judgments be accorded finality, bills of review seeking relief from otherwise final judgments are scrutinized by courts of equity "with extreme jealously." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984); *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). The fact that an injustice occurred is not sufficient cause to justify relief by bill of review, which relief is accorded on narrow grounds. *Hagedorn*, 226 S.W.2d at 998; *Hesser v. Hesser*, 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied).

■ In order to be eligible for a bill of review, a movant must ordinarily show three things: 1) that he had a meritorious claim or defense 2) that he was prevented from asserting by the fraud, accident, or mistake of the opposing party 3) unmixed with any fault or negligence of his own. *Ortega*, 792

---

7. Rule 239a also provides that the clerk shall note the fact of such mailing on the docket, but that a failure to comply with the provisions of the rule shall not affect the finality of the judgment. Tex.R. Civ.App. P. 239a. There is no notation in the record that such notice was sent. However, it has been held that there is a presumption that such notice was sent if the clerk was provided with a certificate of last known address. *San-*

*chez v. Tex. Indus., Inc.*, 485 S.W.2d 385, 387 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.); *but see Petro–Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 244–45 (Tex.1974) (proof of clerk's failure to send required notice may be a predicate for a bill of review). The clerk's file apparently does contain a certificate of last known address, and it was never suggested by appellant that it was not his actual address.

S.W.2d at 453; *Hagedorn,* 226 S.W.2d at 998. Freedom from negligence also encompasses whether the defendant exercised due diligence in availing himself of all legal remedies against the former judgment. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989); *Magan v. Hughes Television Network, Inc.,* 727 S.W.2d 104, 105 (Tex.App.—San Antonio 1987, no writ). In order for the summary judgment on the bill of review to stand, respondents had to negate as a matter of law one element of the bill of review elements. *McRoberts v. Ryals,* 863 S.W.2d 450, 453 (Tex.1993).

■ The first two elements need not be proved, however, when a party is seeking to set aside a default judgment on the ground that he did not receive notice of pending litigation. In *Texas Indus., Inc. v. Sanchez,* 525 S.W.2d 870, 871 (Tex.1975), the Texas Supreme Court held that, upon proof that he was not served with citation, a defendant need not prove the second *Hagedorn* prong: that he was prevented from making a meritorious defense by fraud, accident, or wrongful conduct of the opposite party. The United States Supreme Court went a step further in *Peralta v. Heights Medical Ctr., Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988), when it reversed the Texas courts and held that a party who did not receive notice of pending litigation is not required to show that he had a meritorious defense in order to seek a bill of review. *See also Lopez v. Lopez,* 757 S.W.2d 721, 723 (Tex.1988).

■ Unaddressed by *Peralta,* however, is the question of whether a party who did not receive actual notice of a suit before entry of the default still needs to be diligent in exhausting his legal remedies against the judgment before he can bring an equitable bill of review action.[8] The parties have not cited any authority, and we have found none, which addresses a situation in which a party who has had *other* legal remedies available to

contest a default judgment besides the Texas remedies, fails to pursue them.

There are numerous cases which recite the requirement that a party must exercise diligence in pursuing all legal remedies against the former judgment before initiating a bill of review action. *See, eg., Tice,* 767 S.W.2d at 702; *Hesser,* 842 S.W.2d at 765; *Axelrod R & D, Inc. v. Ivy,* 839 S.W.2d 126, 128 (Tex.App.—Austin 1992, writ denied); *Carroll v. Carroll,* 580 S.W.2d 410, 412 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ); *Griffith v. Conard,* 536 S.W.2d 658, 661 (Tex. Civ.App.—Corpus Christi 1976, no writ). However, we have found that, in every instance, the only legal remedies considered "available" were the three Texas remedies: motion for new trial, appeal, writ of error. In those cases where a lack of diligence has been the determinative factor in denying a bill of review, it has been because a party has neglected to utilize one of these means for attacking a judgment, despite their ability to utilize them. *See, eg., French,* 424 S.W.2d at 895 (petitioner failed to appeal after his motion for new trial was overruled); *Lawrence v. Lawrence,* 911 S.W.2d 443, 448 (Tex. App.—Texarkana 1995, writ denied) (petitioner challenging divorce decree failed to timely file motion for new trial, appeal, or writ of error); *Hesser,* 842 S.W.2d at 765 (petitioner failed to file writ of error, though it was available); *Callaway v. Elliott,* 440 S.W.2d 99, 102 (Tex.Civ.App.—Tyler 1969, writ dism'd) (petitioner challenging four year-old divorce decree failed to timely file a motion for new trial); *Innmon v. Mouser,* 493 S.W.2d 290, 293 (Tex.Civ.App.—Austin 1973, no writ) (petitioner had notice of divorce, but failed to either file a motion for new trial, appeal, or writ of error). *Cf. Comm'n of Contracts v. Arriba, Ltd.,* 882 S.W.2d 576, 583 (Tex.App.—Houston [1st Dist.] 1994, no writ) (non-resident petitioner who received notice of default judgment only

---

8. Although the *Peralta* court noted that the parties assumed for the purposes of summary judgment that the second and third requirements for obtaining a bill of review need not be proved if service was defective, it did not address the propriety of such assumptions because they were not at issue. The court's holding was limited to the propriety of the meritorious defense requirement

in situations where a petitioner did not receive proper notice. However, the Court also noted that "there was no mention of other remedies, no suggestion that the appellant had sought the wrong remedy." *Peralta,* 485 U.S. at 86, 108 S.Ct at 900. Thus, *Peralta* is distinguishable to the extent that those "other remedies" are at issue in the instant case.

five days before expiration of six-month period to file writ of error was not precluded from bringing bill of review).

■ A party who was not served with process in an action that resulted in a default judgment, and who was not even informed of the default until a year later, has but one avenue of redress available in Texas—the bill of review. Appellant contends, however, that in such instances, a petitioner need not be diligent in pursuing either his legal remedies elsewhere or in pursuing his equitable remedy in Texas. We disagree. When the Texas judgment was domesticated in Colorado, it became a Colorado judgment. Pursuant to the full faith and credit doctrine, the Texas judgment was presumptively valid for purposes of its domestication in Colorado. *Marworth, Inc. v. McGuire,* 810 P.2d 653, 655–56 (Colo.1991). Nonetheless, appellant could have collaterally attacked it in Colorado if it was in fact a "void" judgment, or was based upon fraud. *Id.* at 656–57; *see also Hansen v. Pingenot,* 739 P.2d 911 (Colo.App.1987) (permitting Colorado court to inquire into whether Missouri court had jurisdiction to issue a judgment). Colorado Rules of Civil Procedure allow a means of bringing such an attack. *See Marworth,* 810 P.2d at 656–57 (under Colorado Rule of Civil Procedure 60(b), Colorado courts may consider motions for relief to the extent permitted by the full faith and credit clause).

■ The converse is true when a foreign judgment is domesticated in Texas under the Texas version of the Uniform Enforcement of Foreign Judgments Act; it is subject to the same procedures, defenses, and proceedings for reopening, staying, and vacating it as if the judgment had been entered in a Texas court. TEX. CIV. PRAC. & REM.CODE ANN. § 35.003 (Vernon 1986); *Mayfield v. Dean Witter Fin. Servs., Inc.,* 894 S.W.2d 502, 504 (Tex.App.—Austin 1995, writ denied); *Tri–Steel Structures, Inc. v. Hackman,* 883 S.W.2d 391, 396 (Tex.App.— Fort Worth 1994, writ denied). When a for-

eign judgment is domesticated in Texas, a defendant may challenge the sister state's exercise of jurisdiction over him. *See Minuteman Press Int'l, Inc. v. Sparks,* 782 S.W.2d 339, 340 (Tex.App.—Fort Worth 1989, no writ) (stating that a defendant may challenge either the compliance of the service of process with that state's procedural rules, and/or the state's exercise of jurisdiction under its long arm statute and due process of law).

Appellant did not exhaust, nor did he timely avail himself of his legal remedies in Colorado. He admitted being notified of the domestication of the Texas default judgment in September 1991, nevertheless he failed to ever mention the deficient service of process through any of the various legal methods he could have utilized to contest, or at least stay, the domestication. *See* COLO.REV.CIV. STAT. ANN. 13–53–103 (stating availability of procedures for reopening, vacating, or staying a domesticated judgment); COLO. R. CIV. P. 59 (new trial), 60 (motion to vacate); COL. R.APP. P. 3 & 4 (ordinary appeal). Moreover, when Barnes filed the Gilpin County enforcement action in 1992, appellant chose to defend it on the merits rather than raise the issue of jurisdiction.[9]

Caldwell claims he chose not to challenge the validity of the Texas judgment because he could not have refuted the facially valid process. We find this argument uncompelling. At the very least, appellant could have raised the issue in Colorado, and thereby preserved it for later consideration should irrefutable proof that he was never served in Texas later surface. Such measures would have evinced his exercise of legal remedies. Moreover, had appellant immediately come to Texas and directly attacked the judgment in a bill of review, the trial court would not have indulged any presumptions concerning the validity of the default judgment. *McKanna v. Edgar,* 388 S.W.2d 927, 928 (Tex.1965). However, appellant chose not to pursue either remedy at that time, ostensibly because he knew he could not meet his bur-

---

9. We note that, by addressing the merits of the enforcement action without ever challenging the jurisdiction of the Gilpin County Court, appellant has waived any claims regarding that court's lack of jurisdiction. *See* COLO. R. CIV. P. 8(h), 12(b); *Duke v. Pickett,* 168 Colo. 215, 451 P.2d 288, 290 (1969); *Treadwell v. Dist. Court In & For Denver,* 133 Colo. 520, 297 P.2d 891 (1956); *St. Vrain Dev. Co. v. F & S Dev. Co.,* 28 Colo.App. 70, 470 P.2d 49 (1970).

den of proof. As a result, the Texas judgment, which had at that point become a Colorado judgment, was arguably accorded a finality in Colorado which could not later be assailed in that state.[10] Regardless of whether he may still attack the judgment in Colorado, the fact remains that appellant neither exhausted, nor timely utilized his legal remedies before bringing this equitable action.

 The instant case presents a situation in which a party was notified of a judgment after the time to pursue its three Texas remedies had lapsed, but within time to pursue an alternative remedy. Caldwell chose not to contest the validity of the Texas judgment at any time prior to 1993, but now seeks an equitable avenue to challenge the default: the bill of review. However, "equity aids the diligent and not those who slumber on their rights." *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993) (quoting *Callahan v. Giles*, 137 Tex. 571, 576, 155 S.W.2d 793, 795 (1941)). Because a bill of review is an action in equity, the equitable defense of laches may also be raised. *Callaway*, 440 S.W.2d at 103. To prove laches, a party asserting it must show 1) an unreasonable delay by a party having legal or equitable rights in asserting such rights, and 2) a good faith change of position by another party to his detriment because of the delay. *City of Fort Worth v. Johnson*, 388 S.W.2d 400, 403 (Tex.1964).

In this instance, Caldwell took nineteen months from the date he first learned of the default to raise the issue of service of process in Colorado. Moreover, he did not attempt to bring a bill of review action to contest the default judgment in the issuing court in Texas until June 1993, nearly 20 months after being notified of the default. It is difficult to conceive how appellant's course of action might be considered diligent from any perspective.

During that twenty month period, Barnes invested considerable time and expense in reliance on the default judgment attempting to enforce it in Colorado. Barnes presented evidence which demonstrated the incurrence of approximately $275,000 in attorney's fees in Colorado towards enforcing the "unchallenged" default judgment. As Barnes asserted in his motion for summary judgment, Caldwell apparently manifested an intent to treat the judgment as valid,[11] choosing instead to contest the enforcement proceedings on other grounds.

We conclude that, regardless of whether appellant was ever served with process in a suit which resulted in default judgment, he was nevertheless required to diligently pursue those legal remedies available to him when he learned of the default before he could bring his bill of review. The fact that a party does not receive actual notice precedent to a default judgment does not necessarily vitiate the need for that party to be diligent in pursuing those legal remedies available when it does get notice of default.

 To be entitled to a bill of review, a litigant must show good excuse for failure to exhaust all adequate legal remedies. *Tice*, 767 S.W.2d at 702; *Griffith*, 536 S.W.2d at 661. We do not construe his "legal remedies" as encompassing only Texas remedies. Rather, when the Texas judgment was do-

---

10. Appellee has presented authority, both in his brief, and in supplemental briefs, which support the proposition that a defendant in a domestication proceeding who fails to challenge the validity of a foreign judgment at that time waives any equitable right to subsequently challenge the domestication *in that state. See Washington v. Anderson*, 236 Va. 316, 373 S.E.2d 712 (1988); *Klein Performance Prods., Inc. v. Keel*, 117 A.D.2d 1021, 499 N.Y.S.2d 563 (1986). We need not resolve the question whether appellant might be able to challenge the domestication of the Texas judgment in Colorado, however. Whether he may now pursue those remedies is moot, because he clearly has not been diligent in even attempting to utilize them.

11. Appellee relies in part on section 66 of the Restatement (Second) of Judgments, which provides:

Relief from a default judgment on the ground that the judgment is invalid will be denied if:
(1) The party seeking relief, after having had actual notice of the judgment, manifested an intention to treat the judgment as valid; and
(2) Granting the relief would impair another person's substantial interest of reliance on the judgment.

RESTATEMENT (SECOND) OF JUDGMENTS § 66 (1982).

mesticated in Colorado, appellant had legal remedies available which he declined to pursue. He chose not to contest the Texas court's jurisdiction at that point, either in Colorado or in Texas. Instead, he chose to treat the judgment as valid. Thus, appellant failed as a matter of law to meet his only requirement towards bringing a bill of review; he failed to show that he was not negligent in pursuing his legal remedies.

Given his lack of diligence in raising the issue of service of process prior to May 1993, and Barnes's reliance on the domesticated judgment, we do not consider the execution upon the "unchallenged" default judgment to be manifestly unjust. The trial court correctly rendered summary judgment on appellant's bill of review in favor of Barnes, and properly denied appellant's own motion for summary judgment. Appellant did not present a valid explanation for his delay in raising the issue of service in the underlying suit which might create a fact issue as to his lack of negligence. Accordingly, we hold that the court did not err by denying appellant a trial on his bill of review. Appellant's first, second, and third points of error are overruled.

The judgment of the trial court is AFFIRMED.