Eulalia GUTIERREZ, Appellant,

v.

LONE STAR NATIONAL BANK, Guillermo Garza, Pan American Recovery Bureau, Inc. and Roger Sullivan, Appellees.

No. 13–96–372–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 13, 1997.

Carlos Quintana, Keith C. Livesay, J.R. "Bobby" Flores, McAllen, for Appellant.

Sofia A. Ramon, Isreal Ramon, Jr., Mauro L. Reyna, III, McAllen, for Appellees.

Before SEERDEN, C.J., and FEDERICO G. HINOJOSA, Jr., and CHAVEZ, JJ.

## OPINION

CHAVEZ, Justice.

This appeals arises from the denial of the petition for bill of review filed by appellant, Eulalia Gutierrez ("Gutierrez"). We reverse and remand for disposition consistent with this opinion.

### Facts

On August 5, 1988, Gutierrez filed her original petition, by and through attorney J.R. "Bobby" Flores ("Flores"), against appellee, Lone Star National Bank ("Lone Star"), and others. On August 25, 1988, attorney Arturo Cantu ("Cantu") filed an original answer on behalf of Lone Star. The docket sheet indicates activity in the case during 1988 and 1989. The docket sheet also indicates that the case was dormant during 1990 and 1991, but that activity resumed in May 1992 and continued through 1993. On October 2, 1992, attorney Carlos Quintana ("Quintana") filed a notice of appearance on behalf of Gutierrez, and Flores and Quintana filed a notice of designation of lead counsel, also on October 2, 1992, naming Quintana as the lead counsel for Gutierrez. The record indicates that, at some point between October 2, 1992 and July 19, 1993, attorney Israel

Ramon replaced Cantu as Lone Star's counsel.

The record contains a letter notice, dated November 18, 1994, regarding a "RULE 165–A" (*i.e.,* Texas Rule of Civil Procedure 165a) dismissal hearing which was set for December 14, 1994. The letter is from the district clerk of Hidalgo County, and is addressed to Cantu. The letter indicates that copies of the notice were forwarded to the "court's file," and also to the attorney for defendants in the underlying proceeding (who are not parties to the instant appeal). The letter does not indicate that it was forwarded to Gutierrez, Flores, or Quintana. The docket sheet contains no entry regarding the mailing of the dismissal hearing notice.

The record contains an order of dismissal, dated December 15, 1994, which instructs the district clerk to forward notice of the dismissal to the "Plaintiff (Petitioner) or his [sic] Attorney, as per Rule 306D [*i.e.,* Rule 306a(3)], Texas Rules of Civil Procedure." The order does not indicate that it was forwarded to Gutierrez, Flores, or Quintana. However, the docket sheet contains the following entries: "12/15/94 Order of dismissal signed. 1/4/95 Notice mailed to all parties."

The next entry on the docket sheet shows the filing of a request for a docket control conference by Gutierrez on May 2, 1995. The file-marked copy in the record of the request for a docket control conference has the following handwritten endorsement at its foot: "Case Dismissed on 12–15–94 Rule 165–A." It is not clear who added this to Gutierrez's request.

On January 18, 1996, Gutierrez, through Quintana, filed her verified original petition for bill of review, alleging as follows:

Plaintiff's failure to attend the [dismissal] hearing was because Plaintiff's counsel failed to receive notice of the hearing. Consequently, the dismissal violated Plaintiff's due process rights. The lack of notice is confirmed by the docket sheet. Subsequent to the dismissal, notices were allegedly mailed however, neither Plaintiff nor Plaintiff's attorney received notice of the Order of Dismissal. Had Plaintiff's [sic] or Plaintiff's counsel received notice of the dismissal, they would have filed a motion to reinstate.

Actual knowledge of the order of dismissal was first obtained on December 20, 1995, 370 days following the signing of that order, in the following manner: During a conversation between Plaintiff's attorneys [sic] office and Ms. Sofia Ramon [an associate of Israel Ramon], attorney for Defendant [Lone Star]. No formal notice of the order of dismissal has ever been received by the Plaintiff or Plaintiff's attorney.

Attached to the petition is the affidavit of Gutierrez, which states that "every statement in the petition is within my personal knowledge and is true and correct." Also attached to the petition is the affidavit of Quintana, which states that "every statement contained in the Motion for Reinstatement[1] is within his personal knowledge and is true and correct." Lone Star filed a general denial on February 9, 1996, and the bill of review proceeding was tried to the bench on February 27, 1996.

At the bill of review trial, Lone Star called as a witness Veronica Muniz ("Muniz"), a deputy district clerk in Hidalgo County. When asked on direct examination, "Did you send the notice entitled Order of Dismissal?," Muniz replied, "Yes, I did." The following exchange occurred on cross-examination of Muniz by Gutierrez:

Q.... [O]n the docket sheet, you don't see any entry whatsoever that—that any notice was sent out of this Court's intent to place the case on a drop docket, do you?

A. No.

Q. So if it isn't on there, it means that somebody didn't do their [sic] jobs, right?

A. Correct.

Q. So as a result of somebody not doing their [sic] jobs, we didn't get notice, correct?

A. Correct.

Tex.R. Civ. P. 71.

---

1. We interpret this as a reference to the petition for bill of review, to which it was attached. *See*

Q. Okay. And because we didn't get notice we didn't appear at the hearing, correct?

A. Correct.

Mr. Ramon: I'm going to object, Your Honor, it calls for her to speculate as to what was in the minds of the attorneys and—[2]

The Court: The objection is sustained.

Following this exchange, Muniz was not taken on re-direct examination by Lone Star.

Gutierrez's petition for bill of review was denied. At the end of the hearing, the court stated that "[a]t this point in time the uncontroverted testimony was that the notice[3] was mailed out, so the petition will be denied." The court signed an order denying the petition for bill of review on March 19, 1996.

On April 15, 1996, Gutierrez filed her "Verified Motion to Extend Effective Date of Judgment and for New Trial," wherein she alleged that neither she nor her counsel had received a copy of the court's order denying the bill of review, and also alleging, *inter alia*, that her due process rights had been violated by the denial of the bill of review.

Gutierrez also filed her request for findings of fact and conclusions of law on April 15, 1996. On May 13, 1996, Gutierrez filed her notice of past-due findings of fact and conclusions of law. The record contains no findings or conclusions responsive to either Gutierrez's request therefor, or her past-due notice.

The Verified Motion to Extend Effective Date of Judgment and for New Trial was heard on May 29, 1996. The record indicates that Lone Star did not attend and was not represented at the hearing. At the hearing, the court admitted into evidence an affidavit of attorney Flores, dated May 28, 1996, in which he testified that he had not received the notice of dismissal hearing, the order of dismissal, and the order denying the bill of

review. Flores also stated that he did not learn of the dismissal until December 21, 1995. Attorney Quintana offered himself as a witness, and he was sworn. Quintana testified that he, like Flores, did not receive the notice of dismissal hearing, the order of dismissal, and the order denying the bill of review. At the conclusion of the hearing, the Verified Motion to Extend Effective Date of Judgment and for New Trial was granted, orally, in its entirety.

On May 31, 1996, Lone Star filed its "Motion to Reconsider Oral Ruling on Motion for New Trial and for Expedited Setting." The motion to reconsider was heard on June 3, 1996. On June 3, 1996, the .court signed a written order denying Gutierrez's motion for new trial. On June 4, 1996, the court signed an order granting Gutierrez's motion to extend the effective date of the entry of judgment denying the petition for bill of review. This appeal ensued on three points of error.

### Discussion

The logical starting point for our discussion in this case is *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). In that case, Roy Peralta had guaranteed a hospital debt for one of his employees. *Id.* at 81–82, 108 S.Ct. at 897. The hospital sued Peralta in Harris County in 1982 to recover the debt. *Id.* Citation issued, the return showing personal, but untimely, service. *Id.* Peralta did not answer the suit, and a default judgment was rendered. *Id.* The judgment was abstracted and recorded, and, unbeknownst to Peralta, a writ of attachment issued and his real property was sold at a constable's sale. *Id.*

In 1984, Peralta instituted a bill of review proceeding, alleging that defective service rendered the default judgment void. *Id.* The hospital filed a motion for summary judgment, alleging, *inter alia*, that Peralta lacked a meritorious defense to its underly-

2. The objection appears untimely, as the witness had already answered. In any event (supposing that the objection is actually a motion to strike Muniz's answer), we only consider it applicable to the question, "And because we didn't get notice we didn't appear at the hearing, correct?," which immediately preceded Lone Star's objection.

3. It is unclear whether the trial court was addressing the notice of dismissal hearing, or the notice of the order of dismissal, or both.

ing suit to collect a debt.[4] *Id.* at 81–84, 108 S.Ct. at 897–98. The hospital prevailed on its motion for summary judgment. *Id.* at 82–84, 108 S.Ct. at 898.

The First Court of Appeals affirmed the judgment of the trial court. *Peralta v. Heights Medical Center, Inc.,* 715 S.W.2d 721 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). The Supreme Court of Texas declined review. The Supreme Court of the United States, however, reversed the Texas courts, stating that the trial court's judgment was "plainly infirm." *Peralta,* 485 U.S. 80, 86, 108 S.Ct. 896, 900. The Supreme Court noted that, had Peralta been properly served, he might have employed various litigation tactics or have attempted to work out a settlement. *Id.* at 84–86, 108 S.Ct. at 899.

In *Peralta* it was assumed throughout the litigation that defective service excused Peralta's proof of the second and third requirements[5] for obtaining a bill of review. *Peralta,* 485 U.S. at 82–84, 108 S.Ct. at 898. However, the hospital contended that Peralta's lack of a meritorious defense (*i.e.,* the first requirement) excused its defective service. *Id.* Rejecting the hospital's contention, the Supreme Court stated that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Peralta,* 485 U.S. at 84, 108 S.Ct. at 899 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)).

■ "Failure to give notice violates 'the most rudimentary demands of due process.'" *Peralta,* 485 U.S. at 84, 108 S.Ct. at 899 (quoting *Armstrong v. Manzo,* 380 U.S. 545, 550, 85 S.Ct. 1187, 1190, 14 L.Ed.2d 62 (1965)). "Where a person has been deprived

of property in a manner contrary to the most basic tenets of due process, 'it is no answer to say that in his particular case due process of law would have led to the same result because he had no adequate defense on the merits.'" *Peralta,* 485 U.S. at 86–87, 108 S.Ct. at 900 (quoting *Coe v. Armour Fertilizer Works,* 237 U.S. 413, 424, 35 S.Ct. 625, 629, 59 L.Ed. 1027 (1915)). Only wiping the slate clean would have restored Peralta to the position he would have occupied had due process of law been accorded him in the first place. *Peralta,* 485 U.S. at 87, 108 S.Ct. at 900. In our opinion, *Peralta* stands for the general proposition that improper notice to a party of proceedings, when notice is required, invalidates subsequent court proceedings *vis-a-vis* the party who did not receive notice.

■ *Peralta* is clearly analogous to the instant case. Both cases involve mandatory notice requirements. *See* TEX R. CIV. P. 99(a) (service upon filing of petition), 165a (dismissal for want of prosecution); *see also, General Elec. Co. v. Falcon Ridge Apartments, Joint Venture,* 811 S.W.2d 942, 943 (Tex.1991) (" Rule 165a, Texas Rules of Civil Procedure, which governs dismissals for want of prosecution, directs the district clerk to mail to counsel of record and to each party not represented by counsel a notice containing the date and place of the hearing at which the court intends to dismiss."). Also, both cases involve a failure to receive required valid notice of pending court action.

In the instant case, the district clerk should have forwarded the Rule 165a dismissal hearing notice to attorney Quintana. TEX.R. CIV. P. 8 ("All communications from the court . . . shall be sent to the attorney in charge."). However, the record contains undisputed, sworn statements from Gutierrez, Quintana, and attorney Flores, that no notice of the dismissal hearing was received.[6] Deputy district clerk Muniz also testified, on

---

4. In order to be eligible for a bill of review, a petitioner must ordinarily show three things: (1) that she had a meritorious claim or defense (2) that she was prevented from asserting due to a mistake (3) unmixed with any fault or negligence on her own part. *See, e.g., Caldwell v. Barnes,* 941 S.W.2d 182, 186 (Tex.App.—Corpus Christi 1996, no writ).

5. *See* n. 4, *supra.*

6. This statement was not received from Flores until after the initial trial of the bill of review action. However, it was not necessary pursuant to Texas Rule of Civil Procedure 8.

crossexamination, that no notice of the hearing was forwarded to Gutierrez or her attorneys. The record is clear that Gutierrez and her lawyers were not notified of the pending dismissal hearing.

Lone Star argues that, based on *Lowe v. U.S. Shoe Corp.*, 849 S.W.2d 888, 891 (Tex. App.—Houston [14th Dist.] 1993, writ denied), the constitutional infirmity engendered by the failure to receive pre-hearing notice can be cured by finding that Gutierrez and her lawyers were notified by the clerk of the signing of the order of dismissal. By way of background, we note that the clerk was required to notify Gutierrez or her lawyers of the order of dismissal. TEX.R. CIV. P. 165a(1) ("Notice of the signing of the order of dismissal shall be given as provided in Rule 306a."); 306a(3) ("When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail...."). We believe Lone Star's contention is unsound.

Lone Star relies heavily upon the opinion of the Fourteenth Court of Appeals in *Lowe*, 849 S.W.2d 888, which is a post-*Peralta* decision. In *Lowe*, the majority stated that "[i]t is only necessary that there be notice of *either* the intent to dismiss or the order of dismissal." 849 S.W.2d at 891 (emphasis supplied) (citing *Copeland Enterprises, Inc. v. Tindall*, 683 S.W.2d 596 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.)). We believe, as did Justice Bowers, that the majority's opinion in *Lowe* is misguided. See *Lowe*, 849 S.W.2d at 892–894 (Bowers, J., dissenting).

The *Lowe* majority was wrong in two respects: First, the statement, "[i]t is only necessary that there be notice of *either* the intent to dismiss or the order of dismissal," purports to follow pre-*Peralta* authority. *Lowe*, 849 S.W.2d at 891 (citing *Copeland Enterprises*, 683 S.W.2d 596). Second, the majority determines that *Peralta* "simply ha[s] nothing to do with ... this case." *Lowe*, 849 S.W.2d at 890.

Justice Bowers, on the other hand, found *Peralta* persuasive. *Lowe*, 849 S.W.2d at 892 (Bowers, J. dissenting). Justice Bowers noted that "Rule 165a was written for the specific purpose of preventing ... accidental dismissal." *Id.* at 893 (Bowers, J., dissenting). "The rule provides many safeguards to protect a litigant whose case is wrongfully dismissed, depriving the litigant of his or her day in court." *Id.* "Each of these safeguards is undermined if the initial notice of intent to dismiss is not adequate." *Id.* Accordingly, we do not feel obliged to follow the *Lowe* majority.

Gutierrez, Quintana, and Flores all gave sworn statements that they did not receive notices from the clerk of the signing of the order of dismissal.[7] Deputy clerk Muniz testified, however, that the notice of the signing of the order of dismissal was forwarded to Quintana and Flores. Therefore, the trial court, as the trier of fact, was called upon to resolve the issue of whether said notices were served upon Gutierrez and/or her attorneys.

The oral pronouncements of the trial court, prior to announcing her decision to deny the petition for bill of review, were ambiguous as to which notices her comments were intended to address. Notwithstanding the fact that findings of fact were requested, and a past-due notice was filed, no findings of fact appear in the record. The record only contains the trial court's order denying the petition for bill of review. Although the trial court arguably determined that Gutierrez and/or her attorneys were served notice of the signing of the order of dismissal, such a determination is not of dispositive legal effect, for reasons set forth above.

Having disposed of Lone Star's core arguments, we return to the three traditional prerequisites for relief by bill of review. We note that we have recently stated that "[t]he first two elements [*i.e.*, (1) meritorious claim, and (2) mistake] need not be proved ... when a party is seeking to set aside a default judgment on the ground that he did not receive notice of pending litigation." *Caldwell v. Barnes*, 941 S.W.2d 182, 187 (Tex. App.—Corpus Christi 1996, no writ). That leaves the final element of proving that the dismissal of Gutierrez's suit was "unmixed

---

7. *See* n. 6, *supra.*

with any fault or negligence on her own part." *See id.* at 186.

In Gutierrez's verified original petition for bill of review, Gutierrez and her attorney state the dismissal was through no fault of their own. Attorney Flores also stated in an affidavit that the dismissal was through no fault on his part. Lone Star never refuted the "fault or negligence" element in either its arguments or evidence appearing in the record. Rather, Lone Star appears to concede that Gutierrez was the victim of the district clerk's failure to correctly serve notice of the dismissal hearing. (albeit, as Lone Star alleges, without legal consequence since dismissal for want of prosecution was inevitable).

█ Lone Star urges that, due to the age of Gutierrez's lawsuit, dismissal for want of prosecution was inevitable. Accordingly, Lone Star argues that lack of notice regarding the dismissal hearing should not deny finality to the order of dismissal. Such reasoning was expressly rejected in *Peralta*. *Peralta*, 485 U.S. at 85, 108 S.Ct. at 899 ("The Texas courts held, as appellee urged them to do, that to have the judgment set aside, appellant was required to show that he had a meritorious defense, apparently on the ground that without a defense, the same judgment would again be entered on retrial and hence appellant suffered no harm from the judgment entered without notice. But this reasoning is untenable."). Guided by *Peralta*, we must reject Lone Star's argument regarding the inevitability of dismissal.

We determine that, based on *Peralta* and other authorities cited herein, the trial court erred in denying Gutierrez's petition for bill of review. The second point of error is sustained, obviating the necessity of disposing of Gutierrez's other points of error. TEX. R.APP. P. 47.1. We REVERSE and REMAND this cause for disposition consistent with this opinion.