**Charles H. GRIFFITH, Appellant,**

v.

**Virgil Warren CONARD et al., Appellees.**

**No. 1023.**

Court of Civil Appeals of Texas,
Corpus Christi.

April 29, 1976.

Rehearing Denied May 20, 1976.

James R. Harris, Harris, Cook, Browning
& Barker, Corpus Christi, D. Dean Patton,
Morrill & Patton, Beeville, for appellant.

Robert D. Nogueira, Beeville, Arnold J. Dullnig, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is an appeal from a summary judgment denying a petition for bill of review. The appellant, Charles H. Griffith, sought by bill of review filed February 3, 1975, to set aside a default judgment taken against him on November 26, 1974, by Virgil Warren Conard and Ben D. Marks. The original suit was brought by Conard and Marks to recover delinquent rental payments due under a written lease agreement. Although personally served with citation, Griffith failed to file an answer, a motion for new trial or writ of error. All parties moved for summary judgment upon the bill of review. The order of the trial court recited that the summary judgment evidence presented no fact issue; affirmatively showed that Griffith failed to use any diligence to defend the prior suit; that no extrinsic fraud was practiced.

The restaurant and club facilities of the Sea Palm Motel, Aransas Pass, Texas is the property which is the subject to the lease agreement. As title owner, the Federal Deposit Insurance Corporation (FDIC) leased the facilities to H. Norman Dorsey on September 28, 1971. In accordance with the terms of the lease pertaining to assignment, Dorsey assigned his interest in the lease, with the permission of FDIC, to Harold C. Smith on October 1, 1971. In a like manner Smith assigned the lease to the appellant Griffith on October 5, 1972. Both assignments provide that neither Dorsey nor Smith are released from their obligations under the lease. Subsequently, on June 15, 1973, FDIC conveyed the Sea Palm Motel to Conard and on the same date Conard conveyed a one-half interest in the property to Marks. The Corpus Christi State National Bank accepted a deed of trust to the property from Conard and Marks to secure the financing. Ben D. Marks then on August 27, 1973, assigned an undivided 25% net profits interest in the property to his son, Robert S. Marks.

Appellant argues, in his first point, that it was error to enter the summary judgment because his petition and the summary judgment evidence satisfy all of the requirements for a bill of review. He further contends that the original default judgment is void because the Bank, FDIC, and Robert S. Marks were not joined as parties and thus the summary judgment must be set aside.

■ Upon a motion for summary judgment the trial court must determine if there are any issues of fact to be tried and all doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment. It is not the duty of the court to weigh the evidence or determine its credibility and thus try the case on the summary judgment evidence. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952); *Lyons v. Paul*, 321 S.W.2d 944, 951 (Tex.Civ. App.—Waco 1958, writ ref'd n. r. e.). In accordance with the general rule in summary judgment cases we shall disregard all conflicts in the evidence and accept as true that evidence which tends to support the position of appellant. *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.Sup.1972). Together with the rules of summary judgment we must also consider the rules which pertain to a bill of review.

■ To invest judgments of the courts of this State with that degree of finality which is demanded by our system of jurisprudence, a bill of review must not be granted unless the petitioner clearly satisfies the requirements of pleading and proof. The petitioner must allege under oath and prove: (1) a meritorious defense, (2) which he was prevented from making by fraud, accident or wrongful act of the opposite party, (3) unmixed with any fault or negligence of his own. *Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240 (Tex. Sup.1974); *Texas Machinery and Equipment Company, Inc. v. Gordon Knox Oil and Exploration Company*, 442 S.W.2d 315 (Tex.Sup.1969); *Gracey v. West*, 422 S.W.2d 913 (Tex.Sup.1968). The issue to be con-

sidered, therefore, is whether the summary judgment evidence establishes as a matter of law that the appellant is not entitled to a bill of review.

The summary judgment evidence as to the appellant's meritorious defense is in the nature of a claim for damages resulting from a failure by the landlords to repair the premises and an oral agreement of accord and satisfaction. That defense, if fully proven, would satisfy the first requirement for a bill of review in that it indicates a different judgment, more favorable to appellant, would have been entered had the defense been asserted prior to the default judgment. *Sedgwick v. Kirby Lumber Co.*, 130 Tex. 163, 107 S.W.2d 358 (1937).

The summary judgment evidence which tends to support the appellant's position that he was prevented by the fraud and wrongful act of the opposite party from presenting his meritorious defense is found in the affidavit of Paul Lott. Paul Lott had been installed as manager of the restaurant and club by Griffith. Pursuant to an understanding that a new lease agreement would be worked out and certain repairs made to the leased premises, Lott stopped making the rent payments. In June of 1974 he received notice to vacate and he complied. Several weeks later, Lott was notified by Griffith of the original suit and Griffith requested that Lott get in touch with Ben Marks. When Lott called Marks, he told him that, "If you sue us, we're going to sue you." Marks replied that nobody wins in court and "lets not get any lawyers in this." Marks further said that he would get Conard together with Griffith and settle this matter and, in Marks' words, "Don't worry about the lawsuit—it will be taken care of. We don't want to go to court and we know you don't want to go to court." Lott then advised Griffith of what Marks said. Later, Griffith notified Lott that a judgment had been taken and directed him to get in touch with Marks about a conference. When Lott talked with Marks again, Marks told him that he would "call the dogs off" and not to worry about it and they would get together.

Marks said that he did not know about the judgment and that he would see that things were worked out. Lott notified Griffith of this conversation and Griffith said that he wanted to go to see Marks himself.

Lott made an appointment with Marks. When Lott and Griffith arrived in Marks' office, Marks' secretary advised them that Marks could not keep their appointment because of an emergency. Lott called Marks to make another appointment and Marks told him not to worry about it; he would get Conard to get in touch with Griffith. Two weeks passed and no contact was made. Lott called Marks again at Griffith's request and made an appointment. Lott and Griffith once again went to Marks' office at the scheduled time and Marks' secretary told them that he was out of the office. Lott explains that it is at this point that Griffith sought the services of an attorney.

■ The foregoing is the evidence in the record, disregarding all conflicts, most favorable to appellant's position, all of which we must consider as true. *Farley v. Prudential Insurance Company*, supra. In summary, it reveals that promises of settlement were made prior and subsequent to the default judgment. The nature of the fraud relied upon by a petitioner for bill of review must be extrinsic. *Kuper v. Kuper*, 336 S.W.2d 819 (Tex.Civ.App.—Amarillo 1960, writ dismissed). When the petitioner is induced to refrain from pursuing his meritorious defense by false promises of compromise and settlement made by the opposite party, there exists extrinsic fraud which is contemplated by the rule. *O'Meara v. O'Meara*, 181 S.W.2d 891, 893 (Tex.Civ.App.—San Antonio 1944, writ ref'd).

■ The appellant's petition and deposition contains allegations of the diligence in his conduct. Appellant alleges that he failed to answer and file a motion for new trial because he relied on the representations made by the appellees to "not worry about the lawsuit in that everything would be worked out through a settlement." After he received notice of the judgment he was told by the appellees that they would

"call the dogs off" and "don't worry about the judgment, everybody would get together and settle this matter." Appellant alleges that he diligently pursued the invitations to settle and that at no time was he negligent; that after he received notice of the default judgment, about November 27, 1974, he called Paul Lott; that he did not talk with Conard or Marks after he received the notice; that he made a couple of calls to Conard but never succeeded in reaching him; that he relied on what Lott told him about the conversations with Marks; that he did not consult an attorney about the suit after he was served with citation.

Although the evidence is not detailed as to time and we cannot determine exactly when Griffith finally determined that the promises of settlement were not made in good faith, we cannot say that the evidence shows as a matter of law, when tested by the rules of law applicable to this case, that he was not diligent in the pursuit of his defense. Thus, the evidence presents facts which are such that a jury could draw an inference either way. *Lyons v. Paul*, 321 S.W.2d 944 (Tex.Civ.App.—Waco 1958, writ ref'd n. r. e.). The present case is distinguishable from *Lindsey v. Dougherty*, 60 S.W.2d 300 (Tex.Civ.App.—Amarillo 1933, writ ref'd), in which there were no further representations alleged to have been made after the petitioner received notice of the judgment and she was thus charged with a lack of diligence in not filing a motion for new trial. Griffith has alleged representations were made both before and after the default judgment was entered. Appellant's first point is sustained.

Appellant also argues, in his second point, that the original judgment is void because the Corpus Christi State National Bank, FDIC, and Robert S. Marks were not joined as parties. This raises an issue of whether it is proper to consider a bill of review when it is filed before the time has expired for bringing writ of error.

■ To be entitled to a bill of review, a litigant must show a good excuse for failure to exhaust adequate legal remedies. *Falsetti v. Lowman*, 405 S.W.2d 796, 799 (Tex.

Civ.App.—Eastland 1966, writ ref'd n. r. e.); *Moore v. Mathis*, 369 S.W.2d 450, 454 (Tex. Civ.App.—Eastland 1963, writ ref'd n. r. e.), 376 U.S. 939, 84 S.Ct. 794, 11 L.Ed.2d 659. See 4 McDonald, Tex.Civ.Practice § 18.27.6. We must thus determine if writ of error would be an adequate remedy for the appellant.

■ Review by writ of error is not an adequate remedy to secure relief from a default judgment unless the invalidity of the judgment is apparent from the face of the record. *Pace Sports, Inc. v. Davis Brothers Publishing Co., Inc.*, 514 S.W.2d 247 (Tex.Sup.1974); *Texas Industries, Inc. v. Sanchez*, 521 S.W.2d 133, 136 (Tex.Civ. App.—Dallas 1975, writ ref'd n. r. e.). In the present case the alleged invalidity does not appear on the face of the record and thus direct attack by bill of review is proper. *Vogel v. Vogel*, 405 S.W.2d 87, 90 (Tex. Civ.App.—San Antonio 1966, no writ); *Champion v. Kinney*, 460 S.W.2d 173, 176 (Tex.Civ.App.—Texarkana 1970, no writ).

In *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex.Sup.1974), the Texas Supreme Court has set out important new guidelines for the joinder of parties under Rule 39, T.R.C.P. It is pointed out that under the traditional view, the nonjoinder of an indispensable party produced an invalid judgment, but the amended Rule 39 has initiated an entirely new method of resolving the question. Considering that one of the aims of the revised rule is to avoid questions of jurisdiction, the Court says, at page 204, that it will be "rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined."

■ When FDIC conveyed the property to Conard, Griffith was $244.79 in arrears. At the time of the conveyance FDIC also assigned all of its interest in the lease. FDIC was therefore without any interest at the time of the original suit such that Griffith might be subjected to liability for rents in a subsequent suit. Therefore we do not

consider FDIC to be a party needed for just adjudication as contemplated by Rule 39.

Nor do we consider Robert S. Marks to be a person needed for just adjudication. His interest is in the profit which the property produces and by the terms of the assignment from his father, Ben D. Marks, he has no right of management or control of the property. We also note that Robert has submitted a disclaimer in which he denies being a necessary party to the suit. Although, before amendment, Rule 39 provided that persons having a joint interest shall be made parties, this is no longer a controlling consideration under the new Rule 39. *Cooper v. Texas Gulf Industries*, supra.

The Corpus Christi State National Bank, as trustee, is the holder of a deed of trust and purchase money lien upon the leased premises. The Bank has also filed a disclaimer as to any interest which might necessitate its joinder. We do not consider the Bank, therefore, to be a party necessary for just adjudication. Appellant's second point is overruled.

Because we have sustained appellant's first point about his raising fact issues concerning his bill of review, it is our duty to reverse this cause and remand it for trial.

The judgment of the trial court is reversed and the cause is remanded.