**Patrick J. RUNDLE, Appellant,**

v.

**COMMISSION FOR LAWYER DISCIPLINE, Appellee.**

**No. 07–97–0437–CV.**

Court of Appeals of Texas, Amarillo.

July 30, 1999.

Wayne H. Paris, Houston, for appellant.

Linda A. Acevedo, Assistant Disciplinary Counsel, Office of the General Counsel, State Bar of Texas, Austin, for appellee.

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

JOHNSON, Justice.

Appellant Patrick J. Rundle (Rundle) appeals a take nothing judgment rendered in a bill of review proceeding wherein Rundle sought to set aside a default judgment of disbarment. In three issues, Rundle contends that (1) there is insufficient evidence that he was properly served with process to support a default judgment of disbarment, (2) the trial court should not have excluded the testimony of a witness, and (3) Rundle exhausted all available remedies to challenge the default judgment prior to filing his bill of review, and

thus was not barred from seeking relief by bill of review. We affirm.

## FACTUAL BACKGROUND

On February 5, 1996, the Commission for Lawyer Discipline (Commission) filed a disciplinary action against Patrick J. Rundle, styled *Commission for Lawyer Discipline v. Patrick J. Rundle*, Cause Number 96–07019 in the 151st District Court of Harris County (the underlying case). In the underlying case, the Commission alleged that Rundle committed acts constituting professional misconduct and sought discipline or disbarment. Cindy Robinson (Robinson) executed a return of citation verifying that she delivered citation and petition to Rundle on February 12, 1996. Attached to the return of citation was an affidavit by Robinson in which she averred that she was an authorized process server. The affidavit set out no basis for her authorization, nor that she was authorized to serve process in Harris County. Rundle did not file an answer to the petition. On March 13, 1996, the trial court signed a default judgment disbarring Rundle.

On July 16, 1996, Rundle filed a Motion to Set Aside Judgment and for New Trial. In the motion, Rundle asserted that he was unaware of the underlying proceedings until he was advised of the default judgment order by a friend on June 21, 1996. The motion was denied on August 21, 1996. On November 15, 1996, Rundle filed a petition for bill of review. On July 23, 1997, after a trial on the merits, the trial court rendered a take nothing judgment on Rundle's bill of review.

The trial court filed findings of fact and conclusions of law in support of its denial of the bill of review. Relevant to this appeal, the trial court found as facts that (1) on or about February 12, 1996, Rundle was served with citation and a copy of the petition in the underlying action; (2) Cindy Robinson personally served Rundle with the citation and the disciplinary petition on or about February 12, 1996, and Robinson was authorized by court order as a process server in Harris County, Texas; but the Clerk's file in the underlying cause No. 96–07019 did not reflect filing of her affidavit (at least not in exactly the form required by the administrative judge's order dated January 23, 1996); (3) Rundle filed a Motion to Set Aside Judgment and for New Trial asserting that he gained actual knowledge of the default judgment of disbarment on or about June 21, 1996; and (4) Rundle did not file a writ of error seeking relief from the default judgment of disbarment within 180 days of the date of the default judgment. The trial court concluded as matters of law that (1) Rundle was personally served with citation and notice of the disciplinary petition filed against him and that he was properly served; (2) Rundle gained actual knowledge of the default judgment of disbarment at least on or about June 21, 1996; (3) the entry of the default judgment in the underlying action was due to Rundle's own negligence; (4) Rundle failed to timely file a motion for new trial or to file an application for writ of error within 180 days of the date of the default judgment; (5) Rundle failed to avail himself of all remedies available to him to challenge the default judgment; (6) Rundle failed to meet the requisites for a bill of review; and (7) the return of citation filed in the underlying cause No. 96–07019 did not contain the language required by a January 23, 1996 order of the administrative judge, but based on a subsequent affidavit and testimony, any technical error was *de minimus*.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Rundle contends that there was insufficient evidence that he was served with process to support the default judgment of disbarment. Rundle does not specify whether he is raising a legal or factual sufficiency challenge. We will treat this issue as raising both legal and factual sufficiency challenges.

Rundle asserts that in the face of a constitutional due process challenge, insuf-

ficient, unclear, and uncertain evidence should not be allowed to support a default judgment of disbarment. In support of this assertion, he relies on *Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988). In *Peralta,* the bill of review petitioner attempted to set aside a default judgment rendered against him by alleging that he was not given proper notice of the underlying suit. The respondent did not contest this assertion, but sought and received summary judgment on the bill of review because the petitioner did not allege any meritorious defense to the underlying action. The appellate court affirmed the summary judgment on the bill of review based on the petitioner's failure to plead and show a meritorious defense, despite the showing of invalid service. The United States Supreme Court reversed, noting:

> Where a person has been deprived of property in a manner contrary to the most basic tenets of due process, "it is no answer to say that in this particular case, due process of the law would have led to the same result because he had no adequate defense upon the merits." "[O]nly wiping the slate clean ... would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place." *Peralta v. Heights,* 485 U.S. at 86–87,108 S.Ct. 896 (citations omitted).

█ Normally, to be entitled to relief under a bill of review, a party must allege and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which the party was prevented from making by the fraud, accident, or wrongful act of the opposite party, and (3) which is unmixed with any fault or negligence of the moving party. *See Baker v. Goldsmith,* 582 S.W.2d 404, 406–07, 408 (Tex.1979). *Peralta* does not change the standard of review under sufficiency challenges, as contended by Rundle. Rather, *Peralta* holds that a judgment entered without notice or service is constitutionally infirm and thus void. Further, *Peralta* does not relieve the petitioner in a bill of review of the burden of proving that petitioner was not served.

█ The bill of review in this case was tried to the court and the trial court issued findings of fact and conclusions of law. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon jury questions. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). The trial court's findings of fact are reviewable for legal and factual sufficiency by the same standards applied in reviewing the sufficiency of the evidence supporting jury findings. *Hitzelberger v. Samedan Oil Corp.,* 948 S.W.2d 497, 503 (Tex. App.—Waco 1997, writ denied).

█ To prevail in an attack on the legal sufficiency of the evidence of an adverse finding to an issue on which that party had the burden of proof, the party must demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue. *Smith v. Central Freight Lines, Inc.,* 774 S.W.2d 411, 412 (Tex.App.—Houston [14th Dist.] 1989, writ denied). In reviewing a legal sufficiency challenge to a finding, the appellate court first examines the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 690 (Tex. 1989). If there is no evidence to support the finding, the appellate court then examines the entire record to determine if the contrary position is established as a matter of law. *Id.* If the contrary position is established as a matter of law, the issue will be sustained. *Meyerland Community Improvement Ass'n v. Temple,* 700 S.W.2d 263, 267 (Tex.App.—Houston [1st Dist.] 1987, writ refused).

To prevail in an attack on the factual sufficiency of a finding upon which that party had the burden of proof, the party must demonstrate that the adverse finding is against the great weight and preponderance of the evidence. *See Croucher v.*

*Croucher,* 660 S.W.2d 55, 58 (Tex.1983). In reviewing a factual sufficiency issue, the appellate court first examines the record to determine if there is some evidence to support the finding. If there is some evidence to support the finding, the court determines, in light of the entire record, whether the finding is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust, or whether the great preponderance of the evidence supports its non-existence. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). In conducting these reviews, we are mindful that the trier of fact was not convinced by a preponderance of the evidence to find in favor of appellant's position. *See Herbert v. Herbert,* 754 S.W.2d 141, 144 (Tex.1988).

We first consider the legal sufficiency of the evidence by examining the record for evidence that supports the trial court's finding that Rundle was properly served, while ignoring all evidence to the contrary. Rundle denied being served with process or receiving any notice of any proceeding against him until late June or mid-July of 1996. He testified that at 5:00 p.m. on February 12, 1996, he was out of his office. He claimed that he was then dining at a restaurant with Carlos Solis. Robinson, however, testified that she served Rundle at his offices on February 12, 1996, at 5:00 p.m. The citation return indicates that Patrick J. Rundle was served at that address, time, and date. Robinson testified that she did not know Rundle before the date she served him, that she had not served anyone in that building before, that she recalled seeing him in the office, that she asked him if he was Rundle, and that he indicated he was Rundle. She repeatedly testified that she believed that the petitioner in the courtroom at the bill of review hearing was the man she served. She further testified that she was a private process server authorized to serve process

in Harris County by a standing order. The trial court directed that he be furnished with a certified copy of the order authorizing Robinson to serve process before he entered his final order.[1] We conclude that there is some evidence to support the trial court finding that Rundle was properly served. Having determined that there is some evidence to support the trial court's finding, we cannot conclude that Rundle conclusively established the contrary position.

■ We next consider the factual sufficiency challenge. Rundle and Robinson, the two testifying witnesses, gave directly contradictory accounts as to whether Rundle was served with process. On appeal, Rundle points out that his testimony was unequivocal while Robinson testified that she "thought" she served him and she "believed" it was Rundle that she served. However, the trier of fact is free to believe or disbelieve all or any part of the testimony of any witness. *Miller v. Kendall,* 804 S.W.2d 933, 939 (Tex.App.—Houston [1st Dist.] 1990, no writ). Moreover, "[I]n reviewing factual sufficiency points, the court of appeals is not called on to summarily disregard evidence or to substitute its judgment for the [fact finders]." *Lofton v. Texas Brine,* 720 S.W.2d 804, 805 (Tex. 1986). Consequently, after reviewing the entire record, we conclude that the trial court's finding that Rundle was properly served process on February 12, 1996, is not so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. Rundle's first issue is overruled.

## EXCLUSION OF TESTIMONY

■ By his second issue, Rundle asserts that the trial court should not have excluded evidence because basic constitutional due process rights are involved. At the

---

**1.** Rundle did not object to the court's request that he be furnished a copy of the order after the hearing. By unchallenged finding of fact signed after entry of the final judgment deny-

ing Rundle's bill of review, the trial court found that Cindy Robinson was authorized by court order to serve process in Harris County.

bill of review hearing, the court excluded the testimony of Carlos Solis because Rundle did not list Solis as a person with knowledge of relevant facts in response to interrogatories propounded by the Commission. Rundle contends that there should be an exception to the automatic exclusion provision of Rule 166b and Rule 215(5) of the Texas Rules of Civil Procedure where basic due process rights are at issue.[2]

Rule 166b(2)(d) of the Rules of Civil Procedure authorizes discovery of persons having knowledge of relevant facts. Rule 215(5) provides that a party who fails to timely respond to or timely supplement the response to a discovery request shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response unless the trial court finds good cause sufficient to require admission. The trial court has discretion to determine whether the offering party met its burden of showing good cause. *Aluminum Co. of America v. Bullock*, 870 S.W.2d 2, 3 (Tex. 1994). On appeal, the question is whether the trial court's decision was an arbitrary and unreasonable one, made without reference to any guiding rules or principles. *Id.*

In essence, Rundle asserts under this issue that we should find good cause to exist because this case involves "basic due process rights of notice and opportunity to be heard" or to create an additional exception to the exclusionary provisions of Rule 215(5). Rundle cites *Smith v. Southwest Feed Yards*, 835 S.W.2d 89 (Tex.1992) as an example of a situation where the Texas Supreme Court has found good cause in "exceptional" circumstances, and further asserts that the matter before us should constitute one of those circumstances. In *Smith*, one of the parties failed to list himself as a person with knowledge of relevant facts, the trial court excluded his testimony at trial pursuant to Rule 215(5), and the appellate court affirmed the exclusion. The supreme court reversed, concluding that the substance of the entire discovery response should be considered in making the "good cause" determination. The court noted that the purpose of Rule 215(5) was to prevent "trial by ambush" and not to create a trap for the unwary. *Id.* at 91.

Rundle's sole issue at the bill of review hearing was that he was not properly served at his office at the time the citation return indicates he was served. He claimed that he was dining at a restaurant with Solis. By bill of exception, Rundle demonstrated that Solis's testimony would have corroborated Rundle's account. However, it is undisputed that Solis was not listed as a person with knowledge of relevant facts in response to the Commission's discovery. When the Commission objected to Solis's testimony on this basis, Rundle asserted that Solis should be allowed to testify because Rundle and his attorney "just came up with [Solis's] name yesterday." Rundle testified that he had been working as a paralegal for Manuel Solis, Carlos's brother, since October, 1996, and that the way Rundle came up with Carlos Solis's name as the person with whom he had been dining on February 12, 1996, at 5:00 p.m., was through having given it "a lot of thought." The trial court also had before it testimony that Carlos Solis had been working for his brother Manuel for some time.[3] Addition-

---

2. This bill of review was filed and tried prior to the changes in the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure. Consequently, all cites are to those Rules as they existed before September 1, 1997.

3. Apparently Rundle and Carlos Solis had been co-workers for some months before the hearing. Rundle testified that he had been

working as a paralegal for Manuel Solis since October, 1996. Carlos testified that he was working for his brother at the time of the hearing in June, 1997, and when he went to Rundle's office on February 12, 1996, to pick up a case file that Rundle had been working on with Manuel Solis. According to both Rundle and Carlos Solis, the transfer of the case file from Rundle back to Manuel Solis

ally, even if Rundle did not know Solis's name or location until the day before trial, he was not entitled to omit from the list of persons with knowledge of relevant facts the existence of a witness so situated in this matter as was Solis. He wrongfully failed to supplement his answers to discovery when he claimed he recalled Solis's name and location the day before the hearing, and then attempted to ambush the Commission with Solis's testimony at trial.

The matter before us is distinguishable from the situation presented in *Smith*. In the instant case, there is nothing in the record indicating that Solis or an unnamed person in possession of knowledge of the facts allegedly known by Solis was referenced in any manner as being involved in the lawsuit or as having any knowledge of the relevant facts. The first time the Commission learned a person in possession of facts allegedly known by Solis even existed was when Rundle called Solis to testify. The trial court did not abuse its discretion in failing to find good cause sufficient to require the admission of the testimony of Solis. Therefore, the trial court did not abuse its discretion in excluding Solis from testifying. Further, we do not deem this case to be one in which the creation of an exception to the exclusionary provisions of Rule 215(5) is appropriate, and we decline to do so. Rundle's second issue is overruled.

## PROPRIETY OF BILL OF REVIEW

By his third issue, Rundle contends that he did not fail to exhaust his legal remedies in attempting to set aside the default judgment because he was not required to attack the default judgment by writ of error instead of an equitable bill of review proceeding. He relies on two bases for his assertion. First, he posits that there is no evidence to support the trial court's finding that he gained actual knowledge of the March 13 th default judgment at least on or

about June 21, 1996. Second, he asserts that there is no error on the face of the default judgment record and that a writ of error appeal would have been frivolous. The Commission concedes that Rundle was beyond the time for filing a motion under the extended time periods of Rule 306a, regardless of whether Rundle learned of the default judgment on June 21, 1996, or in July, 1996.[4] On the other hand, the Commission asserts that Rundle learned of the judgment within the time allowable for challenge by writ of error and failed to exercise due diligence by not appealing by writ of error. The Commission alleges that the default judgment could have been challenged by writ of error because the default judgment record did not affirmatively show that Robinson was authorized to serve process in Harris County under provisions of Rule 103.

"A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to a motion for new trial." *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). A party must exhaust all available legal remedies before pursuing a bill of review. *French v. Brown*, 424 S.W.2d 893, 895 (Tex.1967). If a party permits a judgment to become final by neglecting to file a motion for new trial, appeal, or appeal by writ of error, then the party is precluded from proceeding on a petition for bill of review unless the complaint shows a good excuse for failure to exhaust adequate legal remedies. *Id.*

A judgment will not be set aside by bill of review because of defects in citation or service when the defect is apparent on the face of the record. *Duncan v. Smith Bros. Grain Co.*, 113 Tex. 555, 260 S.W. 1027, 1028 (1924). The same rule applies when the defect in service is not apparent on the face of the record and

was the impetus for Rundle being with Carlos at a restaurant at the time Robinson testified that she served Rundle with citation.

4. *See Levit v. Adams*, 850 S.W.2d 469 (Tex. 1993).

must be established by evidence, but the complainant has notice of the judgment in time to seek relief before the trial court has lost control of the judgment. *Watson v. Morgan*, 244 S.W.2d 573, 574 (Tex.Civ. App.—San Antonio 1951, no writ). However, if the defect in service is not apparent on the face of the record so that proof of the defect will require introduction of extrinsic evidence, the remedy of appeal or writ of error is inadequate and a bill of review will not be dismissed because it is filed before the time for appellate review expires. *Griffith v. Conard*, 536 S.W.2d 658, 660–61 (Tex.Civ.App.—Corpus Christi 1976, no writ).

In a case in which appeal by writ of error is allowed, the writ of error may be taken at any time within six months after rendition of the final judgment being appealed from. Tex. Civ. Prac. & Rem.Code Ann. § 51.013 (Vernon 1986); Tex.R.App. P. 45(d). After the expiration of the trial court's plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause. Tex.R. Civ. P. 329b(f). However, as we have already mentioned, a party must exhaust all available legal remedies before pursuing a bill of review. *French*, 424 S.W.2d at 894.

As his first contention under the third issue, Rundle asserts that no evidence supports the trial court's finding that he had actual knowledge of the default judgment of disbarment at least on or about June 21, 1996. We construe this point as a legal sufficiency challenge to the trial court's finding regarding the date Rundle gained actual knowledge of the judgment.

Rundle points to his own testimony that he learned of the judgment between July 12 and July 16, 1996. However, both Rundle's Original and First Amended Original Bill of Review pleadings state that he was "advised of the [default] Judgment in mid to late June, 1996, by a friend." Rundle verified his First Amended Original Bill of Review by oath that the "statements contained there [sic] are of his own personal knowledge true and correct." Further,

the record contains a certified copy of Rundle's Motion to Set Aside Judgment and for New Trial. While he testified that he filed that motion on the day he first learned of the default judgment (allegedly between July 12th and July 16th), the motion alleges that Rundle was "advised of the [default] order by a friend and colleague on June 21, 1996." Additionally, Rundle testified that it was around June 21, 1996, that he first obtained knowledge that there was a judgment of disbarment. Consequently, we conclude that the record contains legally sufficient evidence to support the trial court's finding that Rundle had actual knowledge of the default judgment at least on or about June 21, 1996.

If Rundle first learned of the default judgment in July, he gained such knowledge well within six months of the date the default judgment was signed on March 13, 1996. He could have attacked the judgment by a writ of error. However, Rundle asserts that he was not required to pursue a writ of error. He claims that he did not receive service or notice of the underlying action for disbarment until after entry of judgment and that there was no error on the face of the record showing improper service of citation. It is Rundle's position that a writ of error would have been frivolous, and his only available remedy was by bill of review. We do not agree.

■ Citation may be served by any sheriff or constable or other person authorized by law, or by any person authorized by law or by written order of the court who is not less than 18 years of age. Tex.R. Civ. P. 103. For well over a century, the Texas Supreme Court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex.1990); *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985); *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965); *Flynt v. Kingsville*, 125 Tex. 510, 82 S.W.2d 934, 934–35 (1935);

**218**

*Sloan v. Batte,* 46 Tex. 215, 216 (1876); *Roberts v. Stockslager,* 4 Tex. 307 (1849). There are no presumptions in favor of valid issuance, service, and return of citation in the face of a writ of error attack on a default judgment. *Uvalde Country Club,* 690 S.W.2d at 884; *McKanna,* 388 S.W.2d at 929; *Flynt,* 82 S.W.2d at 934.

 The default judgment recites that Rundle was served with citation "according to law" and that return of citation was by an officer. The citation return, however, conflicts with the judgment because the return shows that citation was served and return made by Cindy Robinson, an "authorized process server." Further, the default judgment record does not affirmatively show the existence of a written order of the court authorizing Cindy Robinson to serve citation. There is not a copy of such an order in the record of the underlying action. The record supporting the default judgment does not show that the trial court took judicial notice of such a written court order. The affidavit of Robinson attached to the return of service does not assert the basis for her claimed status as an authorized process server. Under the standards of review applicable to direct attacks on default judgments, there was error on the face of the record in the underlying action. Accordingly, Rundle was required to pursue a writ of error and exhaust that remedy before he could pursue a bill of review. *French,* 424 S.W.2d at 894. The trial court did not err in concluding that Rundle failed to exhaust his legal remedies before pursuing a bill of review. We overrule Rundle's third issue.

The judgment of the trial court is affirmed.