In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00178-CR
______________________________


HORACE EARL JONES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 32321-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Horace Earl Jones pled guilty to the trial court, without benefit of a plea agreement,
to two indictments alleging delivery of a controlled substance, dihydrocodeinone. In a
single brief, Jones alleges one point of error and has briefed his appeal of both convictions
together. 
          Since the briefs and arguments raised therein are identical in both appeals, for the
reasons stated in Jones v. State, No. 06-05-00177-CR, we likewise resolve the issues in
this appeal in favor of the State.
          We affirm the judgment of the trial court. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      November 8, 2005
Date Decided:         November 10, 2005

Do Not Publish



aim or defense to the cause of action alleged to support the judgment,
2) which it was prevented from making because of fraud, accident, or wrongful act of the
opposite party, and 3) that was untainted by any fault or negligence of its own. Id. at 927.
A petitioner must plead and prove each element, and without such proof the trial court
should deny the bill of review. See Hernandez v. Koch Mach. Co., 16 S.W.3d 48, 60 (Tex.
App.-Houston [1st Dist.] 2000, pet. denied). Although a bill of review is an equitable
proceeding, the fact an injustice has occurred is not sufficient to justify relief. Herrera, 11
S.W.3d at 927. A petitioner must also show he is free from negligence. Id. Generally, bill
of review relief is available only if a party has exercised due diligence in pursuing all
adequate legal remedies against a former judgment and, through no fault of its own, has
been prevented from making a meritorious claim or defense by the fraud, accident, or
wrongful act of the opposing party. Id.

 Each point of error Ponsart raises revolves around the first element of a bill of
review-a meritorious claim or defense to the underlying suit. For convenience, we will
combine Ponsart's first and third points of error. We will address Ponsart's second point
separately because a challenge to the jurisdiction in the underlying suit requires a slightly
different analysis.

 Ponsart acknowledges, as he must, that a party who fails to timely avail itself of
available legal remedies is not entitled to relief by bill of review. However, Ponsart
contends we must adopt a broader diligence standard when dealing with potentially void
judgments. We disagree. 

 When the time for appeal expires, a bill of review is the exclusive remedy to vacate
a judgment. Each element of a bill of review must be proven even if the underlying
judgment can be shown to be void. See In re D.S., 76 S.W.3d 512, 518 (Tex.
App.-Houston [14th Dist.] 2002, no pet.) (citing Middleton v. Murff, 689 S.W.2d 212, 213
(Tex. 1985)). If a party permits a judgment to become final by neglecting to file a motion
for new trial, appeal, or appeal by writ of error, then the party is precluded from proceeding
on a petition for bill of review unless the complaint shows a good excuse for failure to
exhaust adequate legal remedies. Rundle v. Comm'n for Lawyer Discipline, 1 S.W.3d 209,
216 (Tex. App.-Amarillo 1999, no pet.). 

 Copelco served its petition in the underlying suit on Ponsart through the Texas
Secretary of State in accordance with Tex. Bus. Corp. Act Ann. art. 2.11. Ponsart admits
service, but assumed it was a mistake and did not file an answer. The trial court later
entered a default judgment against him. During the interval between September 22, 1999,
the date of the default judgment, and when Ponsart petitioned the trial court for a bill of
review June 13, 2001, the only legal action Ponsart took in Texas was "supposedly" filing
a motion to set aside the default judgment. The record, however, is absent of a properly
file-stamped copy of this motion. In addition, the draft copy of this motion contained in the
record was dated over seven months after the trial court entered the default judgment, long
after the trial court's plenary power ceased. 

 Within his first point of error, Ponsart raises the issue of "no notice" of the default
judgment as a basis of his appeal. Although it is unclear from the record exactly when
Ponsart received notice of the default judgment, actual notice was not required. A party
to a suit is charged by law with notice of all orders and judgments rendered in the suit.
K & S Interests, Inc. v. Tex. Am. Bank/Dallas, 749 S.W.2d 887, 892 (Tex. App.-Dallas
1988, writ denied) (op. on reh'g); Pentikis v. Tex. Elec. Serv. Co., 470 S.W.2d 387, 390
(Tex. Civ. App.-Fort Worth 1971, writ ref'd n.r.e.). Ponsart was a party in the underlying
suit because he was named in the pleadings, was served, and accepted service. See
Mapco, Inc. v. Carter, 817 S.W.2d 686, 687 (Tex. 1991) (judgment may not be rendered
against any defendant unless on service, acceptance, or waiver of process, or
appearance); Ex parte Bowers, 886 S.W.2d 346, 349 (Tex. App.-Houston [1st Dist.] 1994,
orig. proceeding). Even if Ponsart did not actually know the court had entered a default
judgment against him, he should have been aware that failing to answer Copelco's
complaint would result in a default judgment. Ponsart had legal remedies available to him
to challenge the default judgment. He could have sought a new trial, appealed, or
petitioned for a writ of error. He elected not to take these options to his own peril. Rather,
Ponsart chose to pursue his legal options in Maryland by seeking to have the foreign
judgment overturned. Only after he exhausted his legal remedies in Maryland did he seek
equitable relief in Texas. "Equity aids the diligent and not those who slumber on their
rights." Callahan v. Giles, 137 Tex. 571, 155 S.W.2d 793, 795 (1941).

 In a petition for a bill of review, Ponsart had the burden to show his lack of
negligence by a preponderance of the evidence. The trial court's finding that Ponsart did
not carry this burden was reasonable. Therefore, because the court's judgment can be
supported on the ground that Ponsart failed to exercise due diligence, we need not
address whether, in fact, Ponsart had a meritorious defense under his first and third points
of error. Ponsart's first and third points of error are overruled.

 In his second point of error, Ponsart asserts the trial court erred in rendering
judgment against him because the court in the underlying cause never had personal
jurisdiction over him. By this point, Ponsart seeks not to satisfy the requirements for a bill
of review, but to collaterally attack the underlying judgment. See Tex. Dep't of Transp. v.
T. Brown Constructors, Inc., 947 S.W.2d 655, 659 (Tex. App.-Austin 1997, writ denied)
(bill of review that fails as direct attack may constitute collateral attack). In a collateral
attack on a judgment, the recitations of the judgment control the rest of the record and
extrinsic evidence cannot be used to establish a lack of jurisdiction. Huffstutlar v. Koons,
789 S.W.2d 707, 710 (Tex. App.-Dallas 1990, orig. proceeding). The court in the
underlying cause recited in its judgment that, although Ponsart did not appear at trial, he
had been "duly served with citation."

 Ponsart seeks to expand the scope of review beyond the judgment by invoking the
exception to this narrow scope that applies when the defendant alleges the court lacked
any potential jurisdiction. See id. When a court has no potential jurisdiction over the
defendant, the defendant can collaterally attack that court's judgment with extrinsic
evidence. Dispensa v. Univ. State Bank, 987 S.W.2d 923, 930 (Tex. App.-Houston [14th
Dist.] 1999, no pet.); see, e.g., Pellow v. Cade, 990 S.W.2d 307, 312 (Tex.
App.-Texarkana 1999, no pet.) (justice court lacked any potential jurisdiction over
nonexistent claim); Hicks v. Sias, 102 S.W.2d 460, 464 (Tex. Civ. App.-Beaumont 1937,
writ ref'd) (before enactment of long-arm statute, trial court lacked potential jurisdiction over
nonresident defendant served out of state). A party contesting jurisdiction has the burden
to negate all bases of personal jurisdiction. See Stauffacher v. Lone Star Mud, Inc., 54
S.W.3d 810, 816 (Tex. App.-Texarkana 2001, no pet.). Here, the trial court in the
underlying suit had potential jurisdiction over Ponsart. Our rules of procedure governing
service of process and our long-arm statute-each of which protect the due process rights
of individuals-enabled the court to have potential jurisdiction over him. Ponsart contends
jurisdiction under the Texas long-arm statute fails because it was based on a forged
contract. The question of forgery is a factual one, and the trial court could have reasonably
found the signature was Ponsart's. Ponsart admitted he discussed a possible business
venture with individuals in Texas and enclosed a business plan showing it was to be a
Texas corporation. The signature of "Andre G. Ponsart" appears on the lease agreement
with Copelco. Although the trial court did not provide findings of facts and conclusions of
law on the forgery issue, Ponsart never made a request for them as he was entitled to do
under Tex. R. Civ. P. 296 and 297. See Daimler-Benz Aktiengesellschaft v. Olson, 21
S.W.3d 707 (Tex. App.-Austin 2000, pet. dism'd w.o.j.). When, as here, the trial court has
not made findings of fact and conclusions of law, we presume it resolved all factual
disputes in support of the judgment. Stauffacher, 54 S.W.3d at 816; see also Worford v.
Stamper, 801 S.W.2d 108, 109 (Tex. 1990). If the trial court found Ponsart's signature was
valid, personal jurisdiction is established under the Texas long-arm statute. 

 Because the court had potential jurisdiction over Ponsart, he is subject to the
general rule regarding collateral attacks on judgments. As stated earlier, under that rule,
a defendant alleging no jurisdiction may not rely on extrinsic evidence to attack the
judgment and may not collaterally attack the judgment. By failing to show that the court
lacked jurisdiction over him, Ponsart must limit his collateral attack to the recitals of the
judgment. The judgment's recital that Ponsart was duly cited forecloses this attack. We
therefore overrule Ponsart's second point of error.

 Having disposed of Ponsart's points of error on other grounds, we do not reach the
merits of his claim for a meritorious defense, nor do we reach Copelco's contention that
Maryland's disposition of the underlying judgment is res judicata. 

 We affirm the judgment.


 Donald R. Ross

 Justice


Date Submitted: September 12, 2002

Date Decided: October 23, 2002


Publish