

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00302-CV

TODD PHILLIPPI,

Appellant

 v.

CITI RESIDENTIAL LENDING, INC.,

Appellee

From the County Court at Law
Ellis County, Texas
Trial Court No. C-08-3657

## MEMORANDUM OPINION[1]

Asserting five issues, Appellant Todd Phillippi complains of the summary judgment entered by the trial court in this wrongful-foreclosure suit. We will affirm.

In his first three issues, Phillippi asserts that the summary judgment was not final and appealable and was improper because Citi did not move for summary judgment on Phillippi's declaratory-judgment claim and on the temporary injunction

---

[1] The background of this appeal is well known to the parties; thus, we do not recite it here in detail. Because the dispositive legal issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

that had been entered in the case. We agree with Citi that Phillippi did not plead a cause of action for declaratory judgment. His live pleading alleges seven causes of action and then states the following in a section entitled "Relief Requested:" "There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiffs therefore request that declaratory judgment be entered as follows:". As Citi notes, nothing follows. And we also agree with Citi that, even if Phillippi did plead a declaratory-judgment claim, the error would be harmless in this case. *See G & H Towing Co. v Magee*, 347 S.W.3d 293, 297-98 (Tex. 2011).

Phillippi's pleading for injunctive relief is not a cause of action, but an equitable remedy, and Citi was not required to specifically address the request for injunctive relief in its motion. *See Cooper v. Litton Loan Serv'g, LP*, 325 S.W.3d 766, 769-70 (Tex. App.—Dallas 2010, pet. denied). And regarding the trial court's temporary injunction, its own terms provided that it would remain in place "until time of Trial;" the temporary injunction remained in force until the trial court's final summary judgment. *See Indep. Am. Real Estate Inc. v. Davis*, 735 S.W.2d 256, 261 (Tex. App.—Dallas 1987, no writ). Issues one, two, and three are overruled.

In his fourth issue, Phillippi contends that the alleged lack of service of Citi's no-evidence and traditional motion for summary judgment and notice of the summary-judgment hearing deprived him of due process. Phillippi did not file a response to Citi's motion. In his amended motion to set aside the summary judgment/motion for new trial, Phillippi alleged that he was not served at his "address of record" and that he

did not receive notice of the summary-judgment hearing. The amended motion to set aside was overruled by operation of law. We review the trial court's refusal to grant the amended motion for an abuse of discretion. *Irvin v. Guarantee Co. of N. Am., USA*, No. 05-07-01230-CV, 2008 WL 2971806, at *4 (Tex. App.—Dallas Aug. 5, 2008, no pet.) (mem. op.).

Due process "requires only that the method of notice be reasonably calculated, under the circumstances, to apprise the interested parties of the pendency of the action." *Pierce v. Tex. Racing Comm'n*, 212 S.W.3d 745, 758 (Tex. App.—Austin 2006, pet. denied). Rule 21a allows for service "by certified or registered mail, to the party's last known address." TEX. R. CIV. P. 21a. "Last known address" is not defined. Also, a certificate of service is prima facie evidence of the fact of service. *Id.*

Citi served its motion for summary judgment on Phillippi (who was appearing pro se by that time) at his "homestead address" by certified mail, return receipt requested and by first-class mail, according to the motion's certificate of service.[2] The trial-court clerk's docket indicates the issuance of a fiat setting Citi's motion for summary judgment for hearing and showing service of the fiat on Phillippi at the same homestead address. A few weeks later, Citi's co-defendant Deutsche Bank filed and served its own summary-judgment motion (which was also granted) on Phillippi at his homestead address. Phillippi filed a response to Deutsche Bank's motion.

---

[2] In his brief, Phillippi incorrectly asserts that Citi's motion was filed "without a certificate of service." His brief then asserts, without citation to the record, that the motion was "actually served on an address not that of Phillippi." In its motion, Citi cited to the Ellis County Appraisal District records that reflect that the homestead address is his residence for which he claimed a property tax homestead exemption and that this case's subject property, which the deed of trust required to be Phillippi's "principal residence," was vacant and was never claimed by him as his homestead.

In his affidavit, Phillippi denied receiving "any" motion for summary judgment or notice of a hearing on a motion for summary judgment from Citi.[3] Phillippi does not deny under oath that the homestead address used by Citi and the clerk was his address; rather, he claims that it was not his "address of record." Nor does Phillippi deny that he receives mail at his homestead address or that it is his residence, and he does not explain why he did not receive the motion that was mailed two ways to his homestead address.[4]

The trial court did not abuse its discretion by refusing to set aside the summary judgment for Citi. Citi certified that it mailed its motion two different ways to Phillippi's homestead address, and notice of the hearing was also sent to that address. Phillippi responded to Deutsche Bank's motion, which was also served at that address. And while Phillippi denied receiving the motion or hearing notice, in both the trial court and on appeal, he has failed to explain how or why he did not receive those mailings at his home address.[5] The trial court was free to believe or disbelieve all or

---

[3] To repeat, the trial-court clerk, not Citi, served the fiat on Phillippi at his homestead address.

[4] In the pendency of this appeal, the Clerk of the Court had at least two mailings to Phillippi at his "address of record" returned by the United States Postal Service. As a result, in our March 6, 2014 Order on Rehearing, we ordered Phillippi to certify his current mailing address. He certified that his current mailing address is his address of record. We warned Phillippi that if his mailing address changed, this appeal would be dismissed unless he timely notified the Court in a certification. We have not received a certification of a new mailing address from Phillippi. We note that the Clerk's June 18, 2014 notice of submission to Phillippi at his address of record/current mailing address was returned by the United States Postal Service to the Clerk with the notation: "Unclaimed Unable to Forward."

[5] To date Phillippi has failed to provide the Clerk of the Court an explanation for why the Clerk's mailings to him have been returned.

any part of Phillippi's affidavit testimony.[6] *See Rundle v. Comm'n for Lawyer Discipline,* 1 S.W.3d 209, 213-14 (Tex. App.—Amarillo 1999, no pet.). Due process was satisfied because the method of notice—mailing to Phillippi's homestead (residence) address—was reasonably calculated to apprise him. Issue four is overruled.

In issue five, Phillippi asserts that his summary-judgment evidence on file in response to Citi's first no-evidence motion for summary judgment, which the trial court had denied, shows that fact issues exist on his claims and that Citi's second motion for summary judgment should not have been granted. But even if we considered Phillippi's prior summary-judgment evidence, Citi moved for both a no-evidence and traditional summary judgment. The trial court granted Citi's motion without stating the reasons or grounds therefor, and Phillippi cannot prevail on appeal without defeating every one of the grounds in Citi's motion for traditional summary judgment. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex. 1993). In his brief, Phillippi makes no attempt to address any of Citi's traditional grounds for summary judgment.

Moreover, as the appealing party, Phillippi has the burden of bringing forward the record of Citi's summary-judgment evidence to provide us a basis for review of error. *Enterprise Leasing Co. of Houston v. Barrios,* 156 S.W.3d 547, 549 (Tex. 2004); *Taylor v. Jones,* No. 10-13-00147-CV, 2014 WL 813805, at *1 (Tex. App.—Waco Feb. 27, 2014, no pet.) (mem. op.). "If the pertinent summary judgment evidence considered by the trial

---

[6] In its motion, Citi presented evidence that Phillippi is a disbarred attorney with three felony convictions (fraudulent use of identifying information and two counts of tampering with a governmental record).

court is not included in the appellate record, an appellate court must presume that the omitted evidence supports the trial court's judgment." *Barrios*, 156 S.W.3d at 550; *see Taylor*, 2014 WL 813805, at *1. In his amended designation of the clerk's record, Phillippi specifically requested that the "trial exhibits" be excluded. Citi notes that this was a request to exclude from the record Citi's exhibits to its motion for summary judgment. Those exhibits are not in the clerk's record. Therefore, we must presume that the missing exhibits support the trial court's summary judgment in favor of Citi. *See Taylor*, 2014 WL 813805, at *1.

For both of these reasons, we overrule issue five. Having overruled all issues, we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
     (Chief Justice Gray dissents with a note)*
Affirmed
Opinion delivered and filed August 14, 2014
[CV06]

*(Chief Justice Gray dissents. A separate opinion will not follow. He notes, however, that Phillippi's affidavit that he received neither the motion for summary judgment or notice of the hearing of the motion destroys the presumption of service created by the proof of service. Thereafter it was not Phillippi's burden to explain why he did not receive notice. Chief Justice Gray would, on this basis alone and without discussing any other issues, reverse the trial court's judgment, and remand the case to the trial court, because the court affirms the trial court. Chief Justice Gray respectfully dissents.)