**Affirmed and Memorandum Opinion filed May 10, 2022.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-20-00433-CV

**NASSER CHEHAB, Appellant**

**V.**

**MAC HAIK CHEVROLET, LTD., Appellee**

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2020-10742**

## MEMORANDUM OPINION

Pro se appellant Nasser Chehab filed suit pro se against appellee Mac Haik Chevrolet, Ltd. ("Mac Haik") concerning a contract he entered into for the purchase of a vehicle. The trial court granted Mac Haik's motion for summary judgment. Chehab filed a bill of review, but the trial court granted Mac Haik's Rule 91a motion to dismiss. *See* Tex. R. Civ. P. 91a. In a single issue, Chehab argues that the trial court erred by granting Mac Haik's Rule 91a motion to dismiss. We affirm.

# I.   BACKGROUND

On November 20, 2015, Chehab filed suit against Mac Haik and BBVA Compass Bancshares for violation of the Deceptive Trade Practices Act.[1] In the petition, Chehab alleged that he and Mac Haik entered into a financing contract so that Chehab could purchase a vehicle; however, Mac Haik changed the assigned lienholder, from JP Morgan Chase NA to Compass Bank DBA BBVA, without notifying or obtaining permission from Chehab. According to Chehab, as a result of Mac Haik's and BBVA's alleged fraud, Chehab claimed that he experienced mental anguish.

On October 30, 2017, Mac Haik filed a motion for summary judgment, arguing that Chehab could not demonstrate any injury from any alleged fraud, as the retail installment contract was freely assignable;  Chehab could not recover for mental anguish based on a breach of contract claim; Chehab did not suffer any actual, economic damages; and Mac Haik's actions were not extreme or outrageous, which is a required element of an intention infliction of an emotional distress claim. A hearing on the motion was held on December 15, 2017. The trial court granted Mac Haik's traditional motion for summary judgment at the hearing.[2]

On February 16, 2020, Chehab filed a bill of review to set aside the trial court's ordering granting Mac Haik's motion for summary judgment. Chehab alleged that Mac Haik fraudulently mislead Chehab into believing that it would settle the case but then decided not to settle after the time to appeal the summary judgment had passed.

On April 16, 2020, Mac Haik filed a Rule 91a motion to dismiss. *See id.*

---

[1] BBVA is not part of this appeal because the trial court granted BBVA's motion to dismiss and motion to sever.

[2] The court reporter has informed us that no reporter's record was made in this case.

Mac Haik argued that the "bill of review plaintiff must have been a defendant in the prior proceeding against who [sic] a judgment was entered by default." Accordingly, Mac Haik argued that the Chehab's bill of review had no basis in law and should be dismissed because Chehab was the plaintiff below and the trial court did not enter a default judgment; instead, Chehab fully participated in the summary judgment hearing. On May 11, 2020, the trial court granted Mac Haik's motion to dismiss. Chehab filed a timely appeal.

## II. ANALYSIS

In a single issue, Chehab asserts that the trial court erred by granting Mac Haik's motion to dismiss.

### A. STANDARD OF REVIEW

Under Texas Rule of Civil Procedure 91a, "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." Tex. R. Civ. P. 91a.1; *see Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." Tex. R. Civ. P. 91a.1. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* A court "may not consider evidence . . . and must decide the motion based solely on the pleading of the cause of action. . . ." Tex. R. Civ. P. 91a.6.

"We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *Sanchez v. Striever*, 614 S.W.3d 233, 239 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (quoting *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam)); *see Bethel*, 595 S.W.3d at 654. In conducting our review, we must construe the pleadings liberally

3

in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine whether the cause of action has a basis in law or fact. *Sanchez*, 614 S.W.3d at 239.

## B. APPLICABLE LAW

"A bill of review is a separate, independent suit to set aside a judgment that is no longer subject to a motion for new trial or appealable." *Kholaif v. Safi*, 636 S.W.3d 313, 317 (Tex. App.—Houston [14th Dist.] 2021, pet. denied) (citing *Woods v. Kenner*, 501 S.W.3d 185, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.)). There are two types of bills of review: equitable and statutory. *Id.* "Although a bill of review is an equitable proceeding, the fact that an injustice may have occurred is not sufficient to justify relief by bill of review." *Vandervlist v. Samara Portfolio Mgmt., LLC*, No. 14-16-00044-CV, 2017 WL 3194062, at *4 (Tex. App.—Houston [14th Dist.] July 27, 2017, pet. denied) (mem. op.) (quoting *Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

Chehab sought an equitable bill of review. To be entitled to relief on his equitable bill of review, Chehab "must generally plead and prove (1) a meritorious claim or defense to the judgment, (2) which the petitioner was prevented from making by official mistake or by the opposing party's fraud, accident, or wrongful act, (3) unmixed with any fault or negligence on the petitioner's own part." *Valdez v. Hollenbeck*, 465 S.W.3d 217, 226 (Tex. 2015); *see Weiss v. Kenneth D. Eichner, P.C.*, 632 S.W.3d 921, 924 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

## C. APPLICATION

Chehab argues on appeal that the Rule 91a motion to dismiss should not have been granted because his bill of review had a basis in law and fact. According to Chehab, he had a meritorious defense to the summary judgment, he was deprived of his ability to appeal the summary judgment because of Mac Haik's fraud, and he was not negligent in allowing the summary judgment to become

4

final. Mac Haik argues that Chehab did not allege any extrinsic fraud.

"In relation to attacks on final judgments, fraud is classified as either extrinsic or intrinsic. Only extrinsic fraud will entitle petitioners to bill of review relief." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984); *see Reynolds v. Reynolds*, No. 14-14-00080-CV, 2015 WL 4504626, at *3 (Tex. App.—Houston [14th Dist.] July 23, 2015, no pet.) (mem. op.). "For purposes of a bill of review, extrinsic fraud is committed if a wrongful act of an opposing party prevents the losing party from knowing of his rights or defenses, or from having a fair opportunity to present them at trial, and the fraud is not actually or potentially an issue to the trial but collateral to the matter." *Ortmann v. Ortmann*, 999 S.W.2d 85, 89 (Tex. App.—Houston [14th Dist.] 1999, pet. denied); *see Weiss*, 632 S.W.3d at 925. By contrast, intrinsic fraud exists when "the fraudulent acts pertain to an issue involved in the original action, or where the acts constituting the fraud were, or could have been, litigated therein." *Ortmann*, 999 S.W.2d at 89. Examples of extrinsic fraud include keeping a party away from court, making false promises of compromise, and denying a party knowledge of the suit. *See Boaz*, 221 S.W.3d at 131; *see also Reynolds*, 2015 WL 4504626, at *3.

In the present case, Chehab alleged in his bill of review petition that the trial court judge had made it clear that he wanted the parties to reach a settlement agreement. Chehab further alleged that Mac Haik made it appear as though Mac Haik was willing to settle, despite not being interested in actually settling. Chehab compared the present case to *Griffith v. Conard*, 536 S.W.2d 658, 660 (Tex. App.—Corpus Christi 1976, no writ). In *Griffith*, the Corpus Christi court concluded that falsely promising to settle constituted extrinsic fraud. *See id.* Thus, Chehab argued that Mac Haik's intentionally misleading acts regarding its desire to settle constituted extrinsic fraud because Mac Haik was simply stalling for time to prevent Chehab from filing a timely appeal.

However, we find *Griffith* distinguishable because in that case, the defendants made explicit and false promises of compromise, such as telling the plaintiff "not worry about the lawsuit in that everything would be worked out through a settlement," and "don't worry about the judgment, everybody would get together and settle this matter." *Id.* at 660–61. By contrast, in the present case, even when we construe the pleadings liberally in favor of Chehab, Chehab does not allege that Mac Haik ever falsely promised to settle or that Mac Haik misrepresented the appellate deadlines or that Mac Haik indicated in any other way that Chehab need not worry about the appellate deadlines. At most, Chehab merely alleges that the trial court urged the parties to settle and that Mac Haik pretended to be interested in settling up until summary judgment was granted. Thus, even taking Chehab's pleadings as true, together with inferences reasonably drawn from them, he would not be entitled to the relief he sought. *See* Tex. R. Civ. P. 91a.1.

In summary, to prevail in his bill of review, Chehab needed to demonstrate that Mac Haik's extrinsic fraud prevented him from appealing the summary judgment. By failing to allege any extrinsic fraud committed by Mac Haik, Chehab's bill of review had no basis in law. *See id.* Therefore, we conclude that the trial did not err in granting Mac Haik's motion to dismiss. *See Sanchez*, 614 S.W.3d at 239. We overrule Chehab's sole issue.

## III. CONCLUSION

We affirm the trial court's judgment.


/s/      Margaret "Meg" Poissant
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

6